PETER D. GORDON, ESQ., State Bar No. 76578
ANDREW T. SCHOETTLE, ESQ., State Bar No. 313116
PETER D. GORDON & ASSOCIATES
8050 Melrose Avenue – Second Floor
Los Angeles, California   90046-7015
(323) 651-2700 Office
(323) 651-3726 Fax

Attorney for Movant KAREN DOWDLE

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>SAMUEL SABER<br>                   Debtor. | ) Case No.: 18-bk-16688-BB<br>)<br>)<br>) Chapter 11<br>)<br>) **KAREN DOWDLE'S REPLY**<br>) **MEMORANUDM OF POINTS AND**<br>) **AUTHORITIES IN RESPONSE TO**<br>) **SAM SABER'S OPPOSITION TO THE**<br>) **MOTION FOR NUNC PRO TUNC**<br>) **RELIEF FROM THE AUTOMATIC**<br>) **STAY**<br>)<br>)<br>) Date: April 30, 2019<br>)<br>) Time: 10:00 a.m.<br>)<br>Ctrm: 1539 |

-

## I. **FACTUAL INTRODUCTION**

### A. **Debtor Saber's Opposition Misstates the Factual Basis for the Motion**

The entire Opposition filed by Debtor Saber and his counsel is predicated on a total misreading-- or obfuscation --of the factual and legal basis for the motion to retroactively lift stay. Both the counsel for Movant Dowdle and trial Judge Young-- who presided over the 5-day civil jury trial --were aware that there was a Chapter 11 bankruptcy.  This awareness is the sole argument relied upon by the Debtor in the Opposition. However, it was by the conduct, statements and filings by Debtor's counsel, Randy Chang, that led the trial Judge and Movant's counsel to reasonably believe that the bankruptcy Trustee had authorized the Saber complaint and Dowdle cross complaint to be tried to conclusion by verdict.  The justifiable reliance of the trial judge, Judge Young, and Movant's counsel,  Peter Gordon and Andrew Schoettle, is set out, step by step, in the attached supplemental Declarations by said counsel. It is respectfully submitted that the Declarations, Exhibits and trial Judge Young's authorization to proceed with a 5-day jury trial evidences errors or omissions  by Debtor Saber and his counsel, which now is used in bad faith to repudiate the adverse jury verdict and the trial court's finding of unfair business practices against Saber.

There is no more telling admission of the misconduct of Debtor Saber's counsel than the fact that Attorney Chang never filed a formal Notice of Stay until April 11, 2019, some 9 months after filing of the bankruptcy and a month following trial. **Exhibit "11."** This was after Attorney Chang was expressly asked to file such a notice in July 2018, but refused. <u>See</u> **Exhibit 14.** Perhaps recognizing the devastating admission established by this extremely belated filing, the Opposition omits the fact that they just filed such a formal stay notice 2-weeks ago!

In fact, the first notice of the applicability of the bankruptcy stay was in the form of the threatening letter dated March 21, 2019, attached as **Exhibit 5** to the motion. Immediately thereafter, movant filed this Motion for retroactive relief, at the first opportunity she had after receiving the threatening notice from Attorney Chang. <u>See</u> *Supplemental Decl. of Peter Gordon.*

B. **Debtor Saber and Attorney Chang Fail to Explain Their Failure to Assert the Stay:**

More to the point, Chang and Saber's Opposition herein fails to explain their own failure to assert the stay on Saber's behalf. Absent from Attorney Chang's declaration is any discussion of or proof that he ever advised the trial court or counsel that the Stay prevented the case from going forward. Apparently with full knowledge that the bankruptcy stay affected the state court proceedings, Chang allowed the trial to proceed. In his view, the entire burden was on Dowdle, her counsel and the state court to unravel Saber and his counsel's web of misleading statements and claims that the case was permitted to proceed.

C. **The Opposition's Own Evidence Shows Debtor Saber and Attorney Chang Advised the State Court to Set Trial In Spite of the Bankruptcy:**

The evidence clearly establishes that Attorney Chang repeatedly stated the trial could go forward despite the bankruptcy. As an example, in Exhibit C to the Opposition, Attorney Chang's status report to the trial court, he advises that Saber is in bankruptcy but further advises:

> "Plaintiff requests that the Court set the jury trial date forthwith within the next 60
> to 90 days."

Thus, following the institution of the bankruptcy, Attorney Chang advised the trial court, under penalty of perjury, that a trial date was appropriate and that the "debtor in possession has rejected the 998 offer." There is absolutely no evidence that this Court was ever made aware of the settlement offer. However, this was the fundamental basis for the case moving forward. This fact is buttressed by the correspondence between Attorney Chang and Dowdle's counsel, Andrew Schoettle, Esq. in July 2018. While the Opposition includes one stand-alone email from counsel Chang, advising of the bankruptcy, the entire chain of emails, attached hereto as **Exhibit 14,** reveals that Attorney Chang refused an express request that he file a formal notice of bankruptcy with the trial court on the following basis:

> "The bankruptcy does not stay the lawsuit since it is the plaintiff who filed
> bankruptcy.  As of right now, I have been instructed to return the settlement check
> to your office.  All matters are still on calendar."

*See the Supplemental Declaration of Andrew Schoettle, Esq.*, ¶5; **Exhibit "14", p. 4.** Again, despite Dowdle's counsel's express request and concern, Chang and Saber led Dowdle and her counsel to believe that the bankruptcy did not otherwise upset the trial court proceedings. Finally, after all this time, after a joint trial and the filing of this motion, Attorney Chang finally lodged a formal notice with the trial court just two weeks ago, which is not described in or attached to the Opposition. It is attached hereto as **Exhibit 11**.

D. **At the State Court Trial, Attorney Chang Brought a Motion in Limine to Exclude Evidence of the Bankruptcy**

The Opposition cites the fact that Attorney Chang filed a formal Motion in Limine with the trial court to exclude testimony related to the bankruptcy, as support for the theory that movant and her counsel knew of the bankruptcy. However, Debtor and counsel ignore that never, in the process of filing and arguing this matter, did they assert that the whole cross-complaint could not be tried. Instead, the solely sought to limit what evidence could be used. Strangely, instead of asserting the bankruptcy as the basis to stay the trial, Debtor and his counsel agreeably continued on with the trial, raising no concern about the bankruptcy stay. See **Exhibit 15 and 16.**

## II. **LEGAL ANALYSIS**

The Opposition fails to discuss the legal standard applicable to a motion for retroactive relief from the Stay. Instead, the opposition focuses almost exclusively on what it describes as movant's unclean hands. However as stated in the moving papers, a proper analysis requires a case by case analysis, predicated on relevant facts. Here, this court may consider and "further examine the debtor's and creditor's good faith, the prejudice to the parties, and the judicial or practical efficacy of annulling the stay." *In re Fjeldsted*, 293 B.R. at 24–25.

In particular, the Debtor fails to discuss (1) his own bad faith in allowing the trial to proceed without ever raising the issue in state court, (2) the obvious prejudice to movant from this conduct and (3) the practical and judicial efficacy in annulling the stay.

A. **Debtor Saber and Attorney Chang Acted in Bad Faith:**

As described in the motion, despite numerous opportunities and even a request to advise the state court of the bankruptcy, Debtor Saber and his counsel refused and failed to do so, continuously maintaining that the bankruptcy had been handled, that the settlement offer was rejected by the bankruptcy and that the case was ready for trial. Based on these blatant misrepresentations, the trial court allowed the jury trial on both the complaint and cross-complaint to take place. At no point, in writing or orally, did Debtor Saber or Attorney Chang state that the Stay prevented the trial from proceeding. Instead, Attorney Chang billed his client for many hours of time related to the cross-complaint, for which he asks this court to reimburse him. Not only that, Debtor Saber outrageously asks the Court to sanction movant Dowdle for alleged "knowing" violations of the Stay. In the very least, it is Debtor Saber and his counsel who should be ordered to compensate Dowdle for the cost involved in this motion, necessitated by their bad faith in State Court.

B. **Prejudice to Movant**

The Movant Karen Dowdle has limited resources, much of which she exhausted in the state court action. If the Court declines to annul the Stay, she will be required to restart the state court action, effectively preventing her from seeing that action through. This would deem her limited resources, all of the work undertaken in the trial court, and the significant time she took off from her employ will effectively have been for nothing. This would allow Debtor to obtain a free re-do of a trial in which he was determined to be the losing party.

C. **Practical and Judicial Efficacy**

The Court should also consider the practical efficacy in annulling the stay. Here, as a practical matter, this state court non-bankruptcy action would very likely not have been heard in bankruptcy court. Had Debtor and his counsel been forthright and honest about the bankruptcy, an immediate application for relief from the stay would have been requested and likely granted. The trial that did occur, would likely have gone forward on both the Complaint and Cross-Complaint. Thus, practically speaking, there was very limited effect from any violation of the Stay that occurred. The state court invested serious resources into the 5-day jury trial, including

empaneling 12 jurors. This should not be allowed to go to waste simply because Debtor was not successful in the state court. The practical and judicial efficacy mandates annulling the stay in this matter.

D. **Sanction** or **Damages Against Movant Dowdle Are Inappropriate as a Matter of Law:**

Debtor Saber asks this Court to levy sanctions or punitive damages against movant Dowdle for her alleged "knowing" or "willful" violation of the bankruptcy stay. As explained at length in the motion and this reply, to the extent any violation occurred, it was neither knowing or willful.

Moreover, this motion seeking retroactive relief, would eliminate any alleged violation. *See e.g., In re Schwartz,* 954 F.2d 569, 573 (9thCir. 1992) ("If a creditor obtains retroactive relief under section 362(d), there is no violation of the automatic stay, and whether violations of the stay are void or voidable is not at issue.")

Additionally, even if Saber could establish a violation by Dowdle, his Opposition hereto and his actions in state court fall outside the scope of Section 362(k)(1). *See In re Schwartz-Tallard, 803 F.3d 1095, 1097 (9th Cir. 2015)* (awarding damages in first instance for willful stay violation). In order to obtain sanctions or damages, Saber has to establish he has sought to affirmatively enforce the stay or sought redress for a willful stay violation. He has done neither of these things. His opposition hereto does not seek to enforce the stay nor has he filed a stand alone motion to enforce stay. *See, e.g., In re Pace,* 159 B.R. 890, 901 (B.A.P. 9thCir. 1993) ("Additionally, an award of attorneys' fees is appropriate where an initial violation of the stay is followed by [the aggrieved party] having to resort to the courts to enforce his rights.") Saber has not sought to enforce his rights and therefore sanctions or damages cannot be issued.

////

### III. CONCLUSION

For the foregoing reasons, the Court should not be swayed by the Opposition. Debtor's lack of candor and strategy to mislead the trial court into presiding over a jury trial as well as the practical efficacy, allowing the judgment of the trial court to be entered on the jury verdict by annulling the stay, retroactive to the date of filing bankruptcy should be ordered.

Date: April 22, 2019                                    Respectfully submitted

                                                        PETER D. GORDON & ASSOCIATES


                                        By /s/Peter Gordon_____
                                           Peter D. Gordon, Esq., Attorney for
                                           Movant Karen Dowdle

## SUPPLEMENTAL DECLARATION OF PETER D. GORDON

I, PETER D. GORDON, declare:

I am an attorney at law, duly admitted to practice before all the courts of the State of California.   In said capacity, I am counsel for KAREN DOWDLE in the California State Court litigation entitled Sam Saber v. Karen Dowdle, et al., Case No. SC 127481.  I am also admitted to the United States Supreme Court, Central, Southern and Eastern Districts of California and to the 9th Circuit Court of Appeal.  Each of the statements set forth below is based on facts and events known to me of my own personal knowledge and, if called upon as a witness, I would be competent to attest to the following:

**A.  First Notice of Stay of Saber's Bankruptcy Filed on April 12, 2019, 35 Days *After* Entry of Jury Verdict on March 8, 2019:**

1.      The most revealing fact demonstrating the fundamental egregious acts committed by Debtor Saber's counsel, Randy Chang, is reflected in his recent filing of a Notice of Stay Proceeding in the subject action with the Santa Monica branch of the Los Angeles Superior Court. Attached hereto as **Exhibit "11"** is the first and original filing of a formal Notice regarding Sam Saber's bankruptcy, signed on April 1, 2019, but was not filed with the Court until April 12, 2019. The filing date is reflected at the top of the caption page. See **Exhibit "11"** hereto.

2.      The Los Angeles Superior Court "Case Access" sets out the docket on this case. Please refer to the top of page 2 of **Exhibit "12"**, confirming that the first Notice of Stay advising of a bankruptcy proceeding was filed with the trial Court on April 12, 2019, 35 days *after* (a) the jury entered its verdict and (b) Judge Young found Cross-Defendant Saber guilty of unfair business practices and (c) awarded $22,000 against him based on an independent finding of Saber's bad acts.[1]

---

[1] A further evidence of the attorney Chang's belated manner of practice in this case is the following: he only posted the required jury fees for the subject action on April 12, 2019, pursuant to a reprimand by the court. Please refer again to Exhibit 2, at top of  page 2 of the case history

SUPPLEMENTAL DECLARATION OF PETER D. GORDON, ESQ.

**B. <u>Dowdle's Acceptance of Saber's Statutory 998 Settlement Offer Was Allegedly Rejected by Unidentified Bankruptcy Trustee Followed by Go-Ahead with Jury Trial by Attorney Chang Without Assertion of Stay</u>**

3.     The extent to which counsel Chang misled the attorneys representing cross-complainant Dowdle is clearly memorialized in the conclusion to a series of emails between Dowdle's co-counsel, Andrew Schoettle, and Attorney Chang. **Exhibit "14."**

4.     After Attorney Chang substituted into the case to represent Saber, he issued a statutory settlement offer for $9,750. Due to the costs of the planned jury trial, Dowdle accepted the offer under CCP Section 998 to avoid the costs of the upcoming trial. In a timely manner, I forwarded the formal, signed acceptance with Dowdle's check for the requested $9,750 to attorney Chang. See **Exhibit "13".**

5.     Attorney Schoettle followed up on the completion of the settlement of the case, pursuant to the acceptance of the 998 offer, and sought to have attorney Chang dismiss the entire action with prejudice in his July 2, 2018 email. Due to lack of response from Chang, attorney Schoettle followed up the request for the dismissal with an email on July 6, 2018. On July 6, 2018 attorney Chang stated that "Plaintiff [Saber] apparently filed bankruptcy on or about June 10. My understanding is that your office was served with the **notice of bankruptcy**." **These emails are collectively attached hereto as Exhibit "14."**

6.     Attorney Schoettle replied that **no such notice had been received**, in his reply sent out the same date. Then, on of August 7, 2018, Attorney Chang for the first time stated that the 998 offer was rejected in the Chapter 11. This was responded to an August 13 by attorney Schoettle as follows:

> "**Randy, let me know where this leaves us. You still have not filed a notice of stay with the court. If the bankruptcy remains pending, the Superior Court should be advised.**"

7.      Here, Attorney Chang was formally requested to give notice of the stay to the L A Superior Court, if it was applicable. To this request, basically, to advise the court that a stay was in effect.

**C.  If a Notice of Stay Had Been Filed by Chang, Immediate Filing for Lift of Stay Would have Followed as Dowdle's Action is a Necessry Cross Complaint Inextricably Linked to Saber's Complaint Based on Same Issues of Law, Fact and Witnesses**

8.      Attorney Chang responded on August 13, 2018 in a manner that mislead me and the court, necessitating this belated application for lift of the stay based on his following misdirection:

" Andrew,

**The bankruptcy does not stay the lawsuit since it is the plaintiff who filed bankruptcy. As of right now, I've been instructed to return the settlement check to your office. All matters are still on calendar."**

9.      The phrasing and written statement by attorney Chang, stating that "All matters are still on calendar," lead me as Dowdle's counsel to reasonably believe that both the complaint and the cross-complaint could proceed to trial.  This is emblematic of attorney Chang's consistent filings and representations, both to counsel and to trial Judge Young, which led us to believe that no stay was in operation against the cross-complaint.

10.     Likewise, by reason of Chang's failure to file a formal notice of bankruptcy stay again reasonably led me and attorney Schoettle-- along with the trial judge Mark A. Young ---to believe that the Dowdle cross-complaint was in a posture to go forward as to both the complaint and cross-complaint, independent of the Chapter 11 bankruptcy stay.

**D.  Chang's Motion in Limine to Exclude References to Saber's Bankruptcy Solidified Counsel and Trial Judge's Impression that Stay Was Inapplicable to the Jury Trial of Cross Complaint**

11.     As final jury trial preparations began, based on Saber's insistence on a jury trial, Motions in Limine were filed.  Significantly, attorney Chang filed a "Motion In Limine No. 3 to

Exclude Documents Testimony and Other Evidence Regarding Plaintiff's Chapter 11 Bankruptcy."
A true copy of this Motion, file stamped with the court on January 18, 2019, is attached hereto as
Exhibit "15."

12.      In reply to Randy Chang's attempt to exclude testimony about Saber's bankruptcy, I
filed an Opposition listing the procedural defects in the plaintiff counsel's Motion, including his
(a) failure to timely file and (b) omitting the required supporting declaration under California Rules
of Court 3.57. On the merits, I argued in the alternative, beginning at page 4, the reason that the
jury needed to know about the Saber bankruptcy as part of the evidence for the trial of the Dowdle
cross-complaint, as follows:

> **"C. IN THE ALTERNATIVE, IF THE COURT IS WILLING TO
> CONSIDER THIS MOTION DESPITE ITS PROCEDURAL AND
> SUBSTANTIVE DEFECTS DEFENDANT SUBMITS THE FOLLOWING
> JUSTIFICATION FOR INCLUSION OF SUCH EVIDENCE.**
>
> Defendant contends that the parties agreed to terminate the lease by payment of
> prorated May 2014 rent. **Dowdle contends that Sabers' financial distress
> caused him to repudiate the agreement and make the outrageous and
> unsupported claims in this case.**
>
> **The fact that Mr. Saber is in bankruptcy with over $8,000,000 in debt,
> supports Dowdle's theory of Mr. Saber's acute financial distress and his
> motive for repudiating their agreement.** It is thus highly relevant to the case
> and outweighs any prejudice to Mr. Saber, who sought bankruptcy protection
> during the pendency of his action – fully aware of the fact that Defendant would
> be raising claims about his financial distress." [Emphasis added]

**See Exhibit "16."**

13.      Here, this Court can see the full extent to which cross-complainant Dowdle's
counsel, along with Judge Young, were led to believe by this motion in limine that the Chapter 11
Saber bankruptcy trustee had authorized proceeding with both portions of the jury trial, on the
complaint and on the Dowdle cross-complaint. Still, just a few days before commencement of the
jury trial, no notice of stay, or any reference to a stay of the Dowdle cross-complaint, was issued by
Saber's attorney.

14.    The fact that attorney Chang filed a motion in limine to exclude reference to the bankruptcy, without (a) either filing a formal notice of stay with the court, or (b) advising trial Judge Young or me  that the bankruptcy trustee's position was that only plaintiff Saber's complaint could proceed to trial, I would have taken immediate steps to file a motion to lift the stay.  By failing to raise a timely objection,  before the commencement of the jury trial and the expenditures involved in that  4-day judicial process, surely Saber's attempt to use the stay as a sword after the entry of an adverse verdict in favor of the cross-complainant will not be permitted.

E.    **Plaintiff Saber's Trial Brief Discussed Each Element of the Dowdle Cross Complaint Putting Them in Issue Without Asserting a Stay to Prevent the Trial Court From Allowing Such Evidence to be Presented to the Jury, is Evidence of Further Waiver**

15.    Another material misconduct by counsel Chang that mislead both defense counsel and Judge Young, is the Plaintiff's trial brief, which is ttached hereto as **Exhibit 17.  The Saber** trial brief is captioned with reference to both the Saber complaint and "related cross action". In addition to that, if the Court were to turn to page 4 of the brief, section D is a sequential discussion of the issues in the Dowdle cross-Complaint, beginning with the following caption:

**"Defendant Karen's cross-complaint against plaintiff fails."**

16.    Counsel Chang then goes on to analyze each of the causes of action in the cross-complaint, without a word of objection or reference to an operative bankruptcy stay.  In fact, he is fully anticipating the legal argument he needs to put before the jury to rebut  at trial the allegations in the Dowdle cross-complaint.   There is a total absence of any notice to the trial judge or Dowdle's counsel that Chang held a secret, undisclosed intent to assert the  bankruptcy stay unless Saber suffers an unexpected adverse verdict.

17. The elements of the cross-complaint Chang focuses on are the following:

"i. The second cause of action for breach of the covenant of quiet enjoyment

      . . . .

ii. The fourth cause of action for unfair business practices Lacks merit.

      . . . .

SUPPLEMENTAL DECLARATION OF PETER D. GORDON, ESQ.

E. Damages"

Here, in his Trial Brief on behalf of Saber, **Exhibit 17**, counsel Chang discusses each relevant element of the cross complaint, which attacks were repeated in his opening statement to the jury, without any disclosure of an applicable bankruptcy stay. .

**F. <u>Upon Any Notice of Plan to Assert Bankruptcy Stay in the Event of Adverse Verdict I would Have Sought to Halt Trial and Immediatley Apply for Lift of Stay</u>**

18.    **Nowhere is there the slightest notice throughout the jury trial that a bankruptcy** stay is  in effect, which would instantly require me, as counsel for cross complainant Dowdle, to apply to the bankruptcy court to lift the stay.   I would  never have allowed my impecunious client to (a)  leave her new job to attend the trial, (b) incur  the legal fees and costs if (c) I had any warning that a belated assertion of the stay would be surreptitiously used to subvert the verdict after end of trial.  Any hint of such a strategy, I would have immediately sought to lift the stay, prevent the trial from going forward so as  to prevent the incredibly wasteful process of only Saber's complaint being tried. Furthermore, the Dowdle action was a  necessary cross-complaint  and inextricably part of the same nexus of facts, witnesses and legal issues.

19.    As stated in the moving papers, had Debtor or his counsel asserted that the bankruptcy stay prevented trial of the Dowdle cross-complaint, movant would have sought this relief prior to-- or even during --the  trial. However, due to Debtor Saber and counsel's Chang's misleading statements about the status of the bankruptcy and the Stay, no relief was sought and Debtor Saber permitted a 5-day jury trial on both the complaint and cross-complaint to take place without any objection.

**G. <u>Bankruptcy Stay Asserted Ex Post Facto to Reverse Jury Verdict, Is Asserted Dowdle Would Have Immediately Sought to Lift Stay to Proceed with Necessary Cross Action</u>**

20.    Attorney Chang only asserted the issue of the stay in bad faith after the jury verdict, affirmed by Judge Young's separate finding of Unfair Business Practices, in the amount of $22,000.

SUPPLEMENTAL DECLARATION OF PETER D. GORDON, ESQ.

21.     As the evidence shows (**Exhibit "14"** e.g.), Defendant Dowdle was prepared to deal with a bankruptcy stay, if formally noticed in the Superior Court.   It was attorney Chang who assured Andrew Schoettle, after being asked by him to file a notice of stay, that the bankruptcy was irrelevant and that "**All matters are still on calendar." See paragraph 8, supra.**

22.     Attorney Chang did not file a Notice of Stay. Instead, he lulled the trial court and Dowdle's counsel into believing that the bankruptcy did not affect trial court proceedings. However, once the results were in and Saber lost, Chang proceeded to threaten sanctions, legal fess for violation of the stay and otherwise weaponized Saber and his own errors.   Chang is belatedly attempting to undo the jury verdict against his client by wrongly blaming Dowdle's counsel and, impliedly, Judge Young who had as much notice as I did, indicating that the stay was inapplicable or lifted by the trustee, otherwise why would bankruptcy counsel Chang allow the Dowdle cross-complaint to proceed to trial and verdict?

23.     Note the first assertion of a stay being violated is set out in a letter dated March 21, 2019, some 10-days after entry of the verdict. See **Exhibit 5.**   The reference to that letter is to show the bad faith tactic of using Chang's failure to give notice of the stay until he finally filed it on April 12, 2019 (see Exs.   11 and 12) as a weapon to extract huge windfalls and threaten sanctions to obviate his own bad acts.   Please also note that Exhibit 5 is titled as "notice of Violation of Stay/Meet and Confer."

24.     There is a clear, documented record showing how Plaintiff Saber and his counsel Chang missed every opportunity to file a formal Notice of Stay, let Judge Young know that a stay prevented the trial of the Dowdle cross-complaint, or otherwise assert that a motion to lift the stay was a prerequisite to trying the cross-complaint.

25.     To avert a true travesty of justice, the result of a 5 day trial involving a necessary cross-complaint, this Court should exercise equity and fairness by *nunc pro tunc* lifting the stay as to the subject trial and verdict.   Plaintiff Saber and his counsel should not be allowed to benefit from their misleading actions and hidden motives, relying on a stay they never raised, formally noticed or asserted until the adverse verdict was announced.

SUPPLEMENTAL DECLARATION OF PETER D. GORDON, ESQ.

1    I declare under penalty of perjury of the laws of the State of California that the foregoing is

2  true and correct.  Executed in Los Angeles County, State of California on April 22, 2019.

3                                          /s/Peter D. Gordon
                                           PETER D. GORDON, ESQ.
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SUPPLEMENTAL DECLARATION OF ANDREW SCHOETTLE**

I, ANDREW SCHOETTLE, declare:

I am an attorney at law, duly admitted to practice before all the courts of the State of California.    In said capacity, I am co-counsel for Karen Dowdle in the California State Court litigation entitled *Sam Saber v. Karen Dowdle, et al*., Case No. SC 127481.    Each of the statements set forth below is based on facts and events known to me of my own personal knowledge and, if called upon as a witness, I would be competent to attest to the following:

**In Approximately July 2018, Dowdle Accepted Saber's Settlement Offer, Only to Be**

**Advised it Was Rejected by Bankruptcy:**

1.      In approximately July 2018, Sam Saber tendered to Karen Dowdle a statutory settlement offer, to resolve the pending state court litigation. Hesitantly, Dowdle accepted the offer and tendered a check to Saber and his counsel Randy Chang, Esq.

2.      After years of dealing with the tragic circumstances of her residency at Saber's property, she was ready to move beyond this. In her modest employment as a receptionist, she did not have the financial wherewithal to be involved in protracted litigation. While she did not accept any liability, she was willing to meet Saber's settlement demand to make him go away.

3.      Shortly thereafter, however, when I asked Attorney Chang by email to dismiss the action, predicated on the accepted Sec. 998 offer, Chang advised that Saber had filed bankruptcy and the offer had been rejected. See Exhibit 14.

**I Made Several Attempts to Contact**

**Bankruptcy Counsel and Confirm Bankruptcy Status**

4.      Once advised of this apparent bankruptcy by Attorney Chang, I tried *numerous* times to make contact with bankruptcy counsel Joon Khang, Esq. I left several voice mail messages, to no avail. No response call or email was ever received from the bankruptcy counsel. I was thus left to rely on the statements of Attorney Chang about the status and effect of the bankruptcy.

**Attorney Chang Refused to File a Notice of Stay**

5.      I then sent an email to Attorney Chang, advising him of my inability to reach bankruptcy counsel and also advising him to file a formal notice of the bankruptcy with the trial court, since they stay would take effect. To my surprise he provided the following response:

> "The bankruptcy does not stay the lawsuit since it is the plaintiff who filed
>
> bankruptcy.  As of right now, I have been instructed to return the settlement check
>
> to your office.  All matters are still on calendar."

See **Exhibit 14,** a true and correct copy of the entire email chain between myself and attorney Chang regarding the settlement offer and bankruptcy.

6.      It was unclear to me how it was possible that the litigation would not be affected by a mandatory stay or that the settlement was not effectuated. Nevertheless, based on this, I believed that action was ready to proceed.

**Attorney Chang Advised the Trial Court as**

**Well that the Case Could Proceed**

7.      Shortly thereafter, the parties appeared at a trial setting conference, for which Attorney Chang very belatedly submitted the declaration attached as Exhibit C to the Opposition. Therein, he again asked that the case be set for trial, in spite of the bankruptcy.

**In Our Numerous Communications, Attorney Chang**

**Never Raised Any Concern About the Bankruptcy Stay**

8.      Never did Attorney Chang state that the Stay operated to prevent the case from going forward. All of his actions were contrary to this – and led us to believe that he had received requisite clearance to proceed.

9.      Even in the face of my demand that he file a formal notice and stay with the trial court, he refused.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.  Executed in Los Angeles County, State of California on April 22, 2019.

/s/Andrew Schoettle

ANDREW SCHOETTLE, ESQ.

SUPPLEMENTAL DECLARATION OF ANDREW SCHOETTLE, ESQ.

Electronically FILED by Superior Court of California, County of Los Angeles on 04/12/2019 12:15 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Fowler, Deputy Clerk

**CM-180**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Randy Chang (SBN 237618)<br>The Chang Firm<br>7755 Center Ave., Ste 1100 Huntington Beach, CA 92647<br>TELEPHONE NO.: 818-599-8095     FAX NO. *(Optional)*: 866-541-8491<br>E-MAIL ADDRESS *(Optional)*: randyc@thechangfirm.com<br>ATTORNEY FOR *(Name)*: Plaintiff/Cross Defendant | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 1725 Magnolia St
MAILING ADDRESS:
CITY AND ZIP CODE:  Santa Monica 90401
BRANCH NAME:  Santa Monica

PLAINTIFF/PETITIONER:  Sam Saber

DEFENDANT/RESPONDENT:  Karen Dowdle

| **NOTICE OF STAY OF PROCEEDINGS** | CASE NUMBER:<br>SC127481 |
|---|---|
| | JUDGE: |
| | DEPT.:  M |

**To the court and to all parties:**

1. Declarant *(name)*: Randy Chang

   a. [✓] is [ ] the party  [✓] the attorney for the party  who requested or caused the stay.

   b. [ ] is [ ] the plaintiff or petitioner [ ] the attorney for the plaintiff or petitioner. The party who requested the stay
   has not appeared in this case or is not subject to the jurisdiction of this court.

2. This case is stayed as follows:

   a. [ ] With regard to all parties.

   b. [✓] With regard to the following parties *(specify by name and party designation)*:  Cross complainant Karen Dowdle

3. Reason for the stay:

   a. [✓] Automatic stay caused by a filing in another court. *(Attach a copy of the Notice of Commencement of Case, the bankruptcy petition, or other document showing that the stay is in effect, and showing the court, case number, debtor, and petitioners.)*

   b. [ ] Order of a federal court or of a higher California court. *(Attach a copy of the court order.)*

   c. [ ] Contractual arbitration under Code of Civil Procedure section 1281.4. *(Attach a copy of the order directing arbitration.)*

   d. [ ] Arbitration of attorney fees and costs under Business and Professions Code section 6201. *(Attach a copy of the client's request for arbitration showing filing and service.)*

   e. [ ] Other:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  April 1, 2019

Randy Chang
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶  _____
(SIGNATURE)

**NOTICE OF STAY OF PROCEEDINGS**

**EXHIBIT " 11 "**

United States Bankruptcy Court
Central District of California

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was
filed under Chapter 11 of the United States Bankruptcy Code,
entered on 06/10/2018 at 07:01 AM and filed on 06/10/2018.



**Samuel Michael Saber**
1112 Montana Ave
Santa Monica, CA 90403
SSN / ITIN: xxx-xx-9303
*aka* **Sam Saber**

The case was filed by the debtor's attorney:

**Joon M Khang**
KHANG & KHANG LLP
4000 Barranca Parkway, Suite 250
Irvine
Irvine, CA 92604
949-419-3834

The case was assigned case number 2:18-bk-16688-BB to Judge Sheri Bluebond.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page www.cacb.uscourts.gov or at the Clerk's Office, 255 East Temple
Street,, Los Angeles, CA 90012.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**Kathleen J. Campbell**
**Clerk, U.S. Bankruptcy**
**Court**

| PACER Service Center |
| --- |
| Transaction Receipt |

| 04/01/2019 09:00:20 | | | |
|---|---|---|---|
| PACER Login: | rc3998:3342840:0 | Client Code: | |
| Description: | Notice of Filing | Search Criteria: | 2:18-bk-16688-BB |
| Billable Pages: | 1 | Cost: | 0.10 |

## PROOF OF SERVICE FIRST CLASS MAIL
### (CCP §§ 1013A, 2015.5)

STATE OF CALIFORNIA    )
COUTNY OF ORANGE      )

    I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within entitled action. My business address is 7755 Center Ave. Suite 1100, Huntington Beach, California 92647.

    On the date set forth below, I served the within

NOTICE OF STAY

by placing a true and correct copy in a sealed envelope with postage fully prepaid, in Federal Express overnight delivery at Huntington Beach, California addressed as follows:

Peter D. Gordon & Associates
8052 Melrose Ave 2nd Fl
Los Angeles CA 90046

    Date Deposited  April 11, 2019

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

    Executed on April 11, 2019 at Huntington Beach, California

_____
Randy Chang

THE SUPERIOR COURT OF CALIFORNIA
**COUNTY OF LOS ANGELES**

Español    Tiếng Việt    한국어    中文
հայերեն

Search

ONLINE SERVICES

# Case Access

LANGUAGE ACCESS

English ▼

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

PRINT    NEW SEARCH

**Case Number:** SC127481
SAM SABER VS KAREN DOWDLE

**Filing Courthouse:**  Stanley Mosk Courthouse

**Filing Date:**  05/03/2017
**Case Type:**  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) (General Jurisdiction)
**Status:**  Pending

Click here to access document images for this case
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**05/23/2019** at 08:30 AM in Department M at 1725 Main Street, Santa Monica, CA 90401
Status Conference

**09/30/2019** at 08:30 AM in Department M at 1725 Main Street, Santa Monica, CA 90401
Non-Appearance Case Review

**10/09/2019** at 08:30 AM in Department M at 1725 Main Street, Santa Monica, CA 90401
Non-Appearance Case Review

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

CHANG RANDY - Attorney for Plaintiff

DOWDLE KAREN - Defendant

DOWDLE KAREN - Defendant

ESTATE OF JEFFREY DOWDLE - Defendant

ESTATE OF JEFFREY DOWDLE - Defendant


EXHIBIT " 12 "

GORDON PETER DAVID - Attorney for Defend...

PETER D. GORDON & ASSOCIATES - Atty for Defendant and Cross-Compl

PILATO LOUIS P. - Former Attorney for Plaintiff

PILATO LOUIS P. - Attorney for Plaintiff

RANDY CHANG - Attorney for Plaintiff

SABER SAM - Plaintiff

SABER SAM - Plaintiff

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Documents Filed** (Filing dates listed in descending order)
Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
08/20/2018

**04/12/2019** Notice of Posting of Jury Fees
Filed by SAM SABER (Plaintiff)

**04/12/2019** Notice of Stay of Proceedings (Bankruptcy)
Filed by SAM SABER (Plaintiff)

**04/08/2019** Certificate of Mailing for (Minute Order (Court Order) of 04/08/2019)
Filed by Clerk

**04/08/2019** Minute Order ( (Court Order))
Filed by Clerk

**04/03/2019** Notice of Stay of Proceedings (Bankruptcy)
Filed by KAREN DOWDLE (Defendant)

**03/22/2019** Judgment (- Judgment on the Verdict - After Jury Trial - 03/22/2019 entered for Defendant DOWDLE, KAREN against Plaintiff SABER, SAM.)
Filed by Clerk

**03/22/2019** Judgment on Special Verdict
Filed by KAREN DOWDLE (Defendant)

**03/08/2019** Jury Instructions

**03/08/2019** Jury Question

**03/08/2019** Order Appointing Court Approved Reporter as Official Reporter Pro Tempore
Filed by SAM SABER (Plaintiff)

**03/08/2019** Special Verdict (and General Verdict Forms)

**03/08/2019** Minute Order ( (Jury Trial))
Filed by Clerk

**03/07/2019** Jury Question

**03/07/2019** Jury Question

**03/07/2019** Minute Order ( (Jury Trial))
Filed by Clerk

**03/07/2019** Declaration (OF KAREN DOWDLE RE: MISSING LEGAL TABLET)
Filed by KAREN DOWDLE (Defendant)

**03/07/2019** Declaration (OF PETER D. GORDON RE: TAKING AND WITHHOLDING OF DEFENSE COUNSEL'S LEGAL TABLET)
Filed by KAREN DOWDLE (Defendant)

**03/06/2019** Minute Order ( (Jury Trial))
Filed by Clerk

**03/06/2019** Memorandum (Settled Statement re Trial 03/04)
Filed by SAM SABER (Plaintiff)

**03/05/2019** Minute Order ( (Non-Jury Trial))
Filed by Clerk

**03/04/2019** Minute Order ( (Jury Trial))
Filed by Clerk

**02/25/2019** Minute Order ( (Final Status Conference))
Filed by Clerk

**02/19/2019** DECLARATION OF RANDY CHANG, ESQ., AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THE
Filed by SAM SABER (Plaintiff)

**02/19/2019** PLAINTIFF/CROSS DFENDANT?S OPPOSITION TO DEFENDANT/CROSS COMPLAINANT?S MOTION IN LIMINE N0. 1 RE WITNESS LIST
ALL OF WHOM WERE IDENTIFIED AND DISCLOSED TO DEFEDANT PRIOR TO THE CLOSE OF DSICOVERY; MOTION SHOULD BE DENIED BASED ON
Filed by SAM SABER (Plaintiff)

**02/15/2019** Statement of the Case
Filed by SAM SABER (Plaintiff); KAREN DOWDLE (Defendant); ESTATE OF JEFFREY DOWDLE (Defendant)

**02/15/2019** Witness List
Filed by SAM SABER (Plaintiff); KAREN DOWDLE (Defendant); ESTATE OF JEFFREY DOWDLE (Defendant)

**02/15/2019** Motion in Limine (Defendant's No. 1)
Filed by KAREN DOWDLE (Defendant)

**02/06/2019** Notice of Ruling
Filed by KAREN DOWDLE (Defendant)

**01/25/2019** Minute Order ( (Final Status Conference))
Filed by Clerk

**01/23/2019** Opposition (to Plaintiff's Motion in Limine #4)
Filed by KAREN DOWDLE (Defendant)

**01/23/2019** Opposition (to Plaintiff's Motion in Limine #3)
Filed by KAREN DOWDLE (Defendant)

**01/23/2019** Opposition (to Plaintiff's Motion in Limine #2)
Filed by KAREN DOWDLE (Defendant)

**01/23/2019** Opposition (to Plaintiff's Motion in Limine #1)
Filed by KAREN DOWDLE (Defendant)

**01/18/2019** Witness List
Filed by SAM SABER (Plaintiff)

**01/18/2019** Witness List
Filed by KAREN DOWDLE (Defendant)

**01/18/2019** Statement of the Case
Filed by KAREN DOWDLE (Defendant)

**01/18/2019** PLAINTIFF?S WITNESS LIST
Filed by SAM SABER (Plaintiff)

**01/18/2019** DECLARATION OF RANDY CHANG IN SUPPORT OF PLAINTIFF'S MOTIONS IN LIMINE
Filed by SAM SABER (Plaintiff)

**01/18/2019** PLAINTIFF TRIAL BRIEF
Filed by SAM SABER (Plaintiff)

**01/18/2019** PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE DOCUMENTS, TESTIMONY AND OTHER EVIDENCE REGARDING THE CAUSE OF
DEATH FOR JEFFEREY DOWDLE
Filed by SAM SABER (Plaintiff)

**01/18/2019** DECLARATION OF RANDY CHANG IN SUPPORT OF PLAINTIFF'S MOTIONS IN
Filed by SAM SABER (Plaintiff)

**01/18/2019** PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE DOCUMENTS, TESTIMONY AND OTHER EVIDENCE REGARDING THE STATUS OF
PLAINTIFF?S MORTGAGE LOAN WITH HIS LENDER
Filed by SAM SABER (Plaintiff)

**01/18/2019** Declaration (in support)
Filed by SAM SABER (Plaintiff)

**01/18/2019** Motion in Limine (4)
Filed by SAM SABER (Plaintiff)

**01/18/2019** Declaration (in support of motion)
Filed by SAM SABER (Plaintiff)

**01/18/2019** Motion in Limine (#3)
Filed by SAM SABER (Plaintiff)

**11/30/2018** Notice of Case Reassignment and Order for Plaintiff to Give Notice
Filed by Clerk

**10/11/2018** Minute order entered: 2018-10-11 00:00:00
Filed by Clerk

**10/11/2018** Minute Order ((Trial Setting Conference))
Filed by Clerk

**10/11/2018** re status of the case and and requests ffor the court to set jury trial

**10/10/2018** Declaration (of counsel re status ... the case)

**08/30/2018** Minute order entered: 2018-08-30 00:00:00
Filed by Clerk

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP  08/20/2018

**08/20/2018** Request for Dismissal

**08/20/2018** Notice
Filed by KAREN DOWDLE (Defendant)

**08/20/2018** Notice (AND TENDER OF $9,750 CHECK AS ACCEPTANCE OF PLAINTIFF'S 998 OFFER; REQUEST FOR ENTRY OF DISMISSAL )
Filed by Atty for Defendant and Cross-Compl

**09/01/2017** Minute order entered: 2017-09-01 00:00:00
Filed by Clerk

**08/25/2017** Other - (CIVIL DEPOSIT)

**08/25/2017** Notice
Filed by SAM SABER (Plaintiff)

**08/25/2017** Case Management Statement
Filed by SAM SABER (Plaintiff)

**08/25/2017** Notice (OF PLAINTIFF POSTING JURY FEES )
Filed by Atty for Plaintiff and Cross-Deft

**08/25/2017** Statement-Case Management
Filed by Attorney for Plaintiff

**08/18/2017** Case Management Statement
Filed by KAREN DOWDLE (Defendant)

**08/18/2017** Statement-Case Management
Filed by Atty for Defendant and Cross-Compl

**08/02/2017** Substitution of Attorney
Filed by SAM SABER (Plaintiff)

**08/02/2017** Answer to Cross-Complaint
Filed by SAM SABER (Plaintiff)

**08/02/2017** Substitution of Attorney
Filed by SAM SABER (Plaintiff)

**08/02/2017** Answer to Cross-Complaint
Filed by Atty for Plaintiff and Cross-Deft

**08/02/2017** Substitution of Attorney
Filed by Attorney for Plaintiff

**07/27/2017** Request for Entry of Default / Judgment
Filed by KAREN DOWDLE (Defendant)

**07/27/2017** Request for Entry of Default (AS TO; SAM SABER, AN INDIVIDUAL- REJECTED *NO ORIGINAL POS-010 ON FILE* )
Filed by Attorney for Plaintiff

**07/20/2017** Proof of Service of Summons and Complaint
Filed by KAREN DOWDLE (Defendant)

**07/20/2017** Proof of Service of Summons & Com
Filed by Atty for Defendant and Cross-Compl

**06/12/2017** Summons
Filed by KAREN DOWDLE (Defendant)

**06/12/2017** Cross-Compl fld - Summons Issued
Filed by KAREN DOWDLE (Defendant)

**06/12/2017** Answer
Filed by KAREN DOWDLE (Defendant)

**06/12/2017** Summons Filed
Filed by Attorney for Cross-Complainant

**06/12/2017** Cross-Compl fld - Summons Issued
Filed by Atty for Defendant and Cross-Compl

**06/12/2017** Answer to Complaint Filed
Filed by Atty for Defendant and Cross-Compl

**06/01/2017** Proof-Service/Summons
Filed by SAM SABER (Plaintiff)

**06/01/2017** Proof-Service/Summons
Filed by SAM SABER (Plaintiff)

**06/01/2017** Proof-Service/Summons
Filed by Attorney for Plaintiff

**05/03/2017** Civil Case Cover Sheet

**05/03/2017** Summons
Filed by Plaintiff

**05/03/2017** Complaint
Filed by SAM SABER (Plaintiff)

**05/03/2017** Summons Filed
Filed by Attorney for Plaintiff

**05/03/2017** Complaint Filed

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   08/20/2018

## PROCEEDINGS HELD

Case Information | Register of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Proceedings Held (Proceeding dates listed in descending order)

**04/08/2019** at 1:48 PM in Department M
Court Order

**03/08/2019** at 09:30 AM in Department M
Jury Trial - **Held**

**03/07/2019** at 09:30 AM in Department M
Jury Trial - **Held**

**03/06/2019** at 10:00 AM in Department M
Jury Trial - **Held - Continued**

**03/05/2019** at 09:30 AM in Department M
Jury Trial - **Held - Continued**

**03/04/2019** at 09:30 AM in Department M
Jury Trial - **Held - Continued**

**02/25/2019** at 09:00 AM in Department M
Final Status Conference - **Held**

**01/28/2019** at 09:00 AM in Department M
Jury Trial - **Held - Continued**

**01/25/2019** at 09:00 AM in Department M
Final Status Conference - **Held - Continued**

**10/11/2018** at 08:30 AM in Department M
Trial Setting Conference - **Held**

**10/01/2018** at 09:00 AM in Department M
Jury Trial - **Not Held - Advanced and Vacated**

**09/21/2018** at 09:00 AM in Department M
Final Status Conference - **Not Held - Advanced and Vacated**

**08/30/2018** at 08:30 AM in Department M
Non-Appearance Case Review (Non-Appearance (Case Review); Court Makes Order) -

**08/30/2018** at 08:30 am in Department WEM, Mitchell L. Beckloff, Presiding
Non-Appearance (Case Review) - **Court Makes Order**

**09/01/2017** at 09:00 AM in Department M
Case Management Conference (Conference-Case Management; Trial Set) -

**09/01/2017** at 09:00 am in Department WEM, Mitchell L. Beckloff, Presiding
Conference-Case Management - **Trial Set**

## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Register of Actions** (Listed in descending order)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
10/01/2018

**04/12/2019** Notice of Stay of Proceedings (Bankruptcy)
Filed by SAM SABER (Plaintiff)

**04/12/2019** Notice of Posting of Jury Fees
Filed by SAM SABER (Plaintiff)

**04/08/2019** at 1:48 PM in Department M
Court Order

**04/08/2019** Certificate of Mailing for (Minute Order (Court Order) of 04/08/2019)
Filed by Clerk

**04/08/2019** Minute Order ( (Court Order))
Filed by Clerk

**04/03/2019** Notice of Stay of Proceedings (Bankruptcy)
Filed by KAREN DOWDLE (Defendant)

**03/22/2019** Judgment (- Judgment on the Verdict - After Jury Trial - 03/22/2019 entered for Defendant DOWDLE, KAREN against Plaintiff SABER, SAM.)
Filed by Clerk

**03/22/2019** Judgment on Special Verdict
Filed by KAREN DOWDLE (Defendant)

**03/08/2019** at 09:30 AM in Department M
Jury Trial - **Held**

**03/08/2019** Jury Instructions

**03/08/2019** Special Verdict (and General Verdict Forms)

**03/08/2019** Order Appointing Court Approved Reporter as Official Reporter Pro Tempore
Filed by SAM SABER (Plaintiff)

**03/08/2019** Minute Order ( (Jury Trial))
Filed by Clerk

**03/08/2019** Jury Question

**03/07/2019** at 09:30 AM in Department M
Jury Trial - **Held**

**03/07/2019** Jury Question

**03/07/2019** Jury Question

**03/07/2019** Declaration (OF PETER D. GORDON RE: TAKING AND WITHHOLDING OF DEFENSE COUNSEL'S LEGAL TABLET)
Filed by KAREN DOWDLE (Defendant)

**03/07/2019** Declaration (OF KAREN DOWDLE RE: MISSING LEGAL TABLET)
Filed by KAREN DOWDLE (Defendant)

**03/07/2019** Minute Order ( (Jury Trial))
Filed by Clerk

**03/06/2019** at 10:00 AM in Department M
Jury Trial - **Held - Continued**

**03/06/2019** Memorandum (Settled Statement re Trial 03/04)
Filed by SAM SABER (Plaintiff)

**03/06/2019** Minute Order ( (Jury Trial))
Filed by Clerk

**03/05/2019** at 09:30 AM in Department M
Jury Trial - **Held - Continued**

**03/05/2019** Minute Order ( (Non-Jury Trial))
Filed by Clerk

**03/04/2019** at 09:30 AM in Department M
Jury Trial - **Held - Continued**

**03/04/2019** Minute Order ( (Jury Trial))
Filed by Clerk

**02/25/2019** at 09:00 AM in Department M
Final Status Conference - **Held**

**02/25/2019** Minute Order ( (Final Status Conference))
Filed by Clerk

**02/19/2019** PLAINTIFF/CROSS DFENDANT?S OPPOSITION TO DEFENDANT/CROSS COMPLAINANT?S MOTION IN LIMINE N0. 1 RE WITNESS LIST
ALL OF WHOM WERE IDENTIFIED AND DISCLOSED TO DEFEDANT PRIOR TO THE CLOSE OF DSICOVERY; MOTION SHOULD BE DENIED BASED ON
Filed by SAM SABER (Plaintiff)

**02/19/2019** DECLARATION OF RANDY CHANG, ESQ.; AND REQUEST FOR JUDICIAL NOTICE, IN SUPPORT THEREOF
Filed by SAM SABER (Plaintiff)

**02/15/2019** Motion in Limine (Defendant's No. 1)
Filed by KAREN DOWDLE (Defendant)

**02/15/2019** Witness List
Filed by SAM SABER (Plaintiff); KAREN DOWDLE (Defendant); ESTATE OF JEFFREY DOWDLE (Defendant)

**02/15/2019** Statement of the Case
Filed by SAM SABER (Plaintiff); KAREN DOWDLE (Defendant); ESTATE OF JEFFREY DOWDLE (Defendant)

**02/06/2019** Notice of Ruling
Filed by KAREN DOWDLE (Defendant)

**01/28/2019** at 09:00 AM in Department M
Jury Trial - **Held - Continued**

**01/25/2019** at 09:00 AM in Department M
Final Status Conference - **Held - Continued**

**01/25/2019** Minute Order ( (Final Status Conference))
Filed by Clerk

**01/23/2019** Opposition (to Plaintiff's Motion in Limine #4)
Filed by KAREN DOWDLE (Defendant)

**01/23/2019** Opposition (to Plaintiff's Motion in Limine #3)
Filed by KAREN DOWDLE (Defendant)

**01/23/2019** Opposition (to Plaintiff's Motion in Limine #2)
Filed by KAREN DOWDLE (Defendant)

**01/23/2019** Opposition (to Plaintiff's Motion in Limine #1)
Filed by KAREN DOWDLE (Defendant)

**01/18/2019** Witness List
Filed by KAREN DOWDLE (Defendant)

**01/18/2019** Witness List
Filed by SAM SABER (Plaintiff)

**01/18/2019** PLAINTIFF?S WITNESS LIST
Filed by SAM SABER (Plaintiff)

**01/18/2019** DECLARATION OF RANDY CHANG IN SUPPORT OF PLAINTIFF'S MOTIONS IN LIMINE
Filed by SAM SABER (Plaintiff)

**01/18/2019** PLAINTIFF TRIAL BRIEF
Filed by SAM SABER (Plaintiff)

**01/18/2019** PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE DOCUMENTS, TESTIMONY AND OTHER EVIDENCE REGARDING THE CAUSE OF
DEATH FOR JEFFEREY DOWDLE
Filed by SAM SABER (Plaintiff)

**01/18/2019** DECLARATION OF RANDY CHANG IN SUPPORT OF PLAINTIFF'S MOTIONS IN
Filed by SAM SABER (Plaintiff)

**01/18/2019** PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE DOCUMENTS, TESTIMONY AND OTHER EVIDENCE REGARDING THE STATUS OF
PLAINTIFF?S MORTGAGE LOAN WITH HIS LENDER
Filed by SAM SABER (Plaintiff)

**01/18/2019** Declaration (in support)
Filed by SAM SABER (Plaintiff)

**01/18/2019** Motion in Limine (4)
Filed by SAM SABER (Plaintiff)

**01/18/2019** Declaration (in support of motion)
Filed by SAM SABER (Plaintiff)

**01/18/2019** Motion in Limine (#3)
Filed by SAM SABER (Plaintiff)

**01/18/2019** Statement of the Case
Filed by KAREN DOWDLE (Defendant)

**11/30/2018** Notice of Case Reassignment and Order for Plaintiff to Give Notice
Filed by Clerk

**10/11/2018** at 08:30 AM in Department M
Trial Setting Conference - **Held**

**10/11/2018** re status of the case and and requests ffor the court to set jury trial

**10/11/2018** Minute order entered: 2018-10-11 00:00:00
Filed by Clerk

**10/11/2018** Minute Order ((Trial Setting Conference))
Filed by Clerk

**10/10/2018** Declaration (of counsel re status of the case)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   10/01/2018

**10/01/2018** at 09:00 AM in Department M
Jury Trial - **Not Held - Advanced and Vacated**

**09/21/2018** at 09:00 AM in Department M
Final Status Conference - **Not Held - Advanced and Vacated**

**08/30/2018** at 08:30 AM in Department M
Non-Appearance Case Review (Non-Appearance (Case Review); Court Makes Order) -

**08/30/2018** at 08:30 am in Department WEM, Mitchell L. Beckloff, Presiding
Non-Appearance (Case Review) - **Court Makes Order**

**08/30/2018** Minute order entered: 2018-08-30 00:00:00
Filed by Clerk

**08/20/2018** Notice (AND TENDER OF $9,750 CHECK AS ACCEPTANCE OF PLAINTIFF'S 998 OFFER; REQUEST FOR ENTRY OF DISMISSAL )
Filed by Atty for Defendant and Cross-Compl

**08/20/2018** Notice
Filed by KAREN DOWDLE (Defendant)

**08/20/2018** Request for Dismissal

**09/01/2017** at 09:00 AM in Department M
Case Management Conference (Conference-Case Management; Trial Set) -

**09/01/2017** at 09:00 am in Department WEM, Mitchell L. Beckloff, Presiding
Conference-Case Management - **Trial Set**

**09/01/2017** Minute order entered: 2017-09-01 00:00:00
Filed by Clerk

**08/25/2017** Other - (CIVIL DEPOSIT)

**08/25/2017** Notice
Filed by SAM SABER (Plaintiff)

**08/25/2017** Statement-Case Management
Filed by Attorney for Plaintiff

**08/25/2017** Case Management Statement
Filed by SAM SABER (Plaintiff)

**08/25/2017** Notice (OF PLAINTIFF POSTING JURY FEES )
Filed by Atty for Plaintiff and Cross-Deft

**08/18/2017** Case Management Statement
Filed by KAREN DOWDLE (Defendant)

**08/18/2017** Statement-Case Management
Filed by Atty for Defendant and Cross-Compl

**08/02/2017** Answer to Cross-Complaint
Filed by Atty for Plaintiff and Cross-Deft

**08/02/2017** Substitution of Attorney
Filed by Attorney for Plaintiff

**08/02/2017** Substitution of Attorney
Filed by SAM SABER (Plaintiff)

**08/02/2017** Substitution of Attorney
Filed by SAM SABER (Plaintiff)

**08/02/2017** Answer to Cross-Complaint
Filed by SAM SABER (Plaintiff)

**07/27/2017** Request for Entry of Default (AS TO; SAM SABER, AN INDIVIDUAL- REJECTED *NO ORIGINAL POS-010 ON FILE* )
Filed by Attorney for Plaintiff

**07/27/2017** Request for Entry of Default / Judgment
Filed by KAREN DOWDLE (Defendant)

**07/20/2017** Proof of Service of Summons & Com
Filed by Atty for Defendant and Cross-Compl

**07/20/2017** Proof of Service of Summons and Complaint
Filed by KAREN DOWDLE (Defendant)

**06/12/2017** Answer
Filed by KAREN DOWDLE (Defendant)

**06/12/2017** Cross-Compl fld - Summons Issued
Filed by KAREN DOWDLE (Defendant)

**06/12/2017** Cross-Compl fld - Summons Issued
Filed by Atty for Defendant and Cross-Compl

**06/12/2017** Summons
Filed by KAREN DOWDLE (Defendant)

**06/12/2017** Answer to Complaint Filed
Filed by Atty for Defendant and Cross-Compl

**06/12/2017** Summons Filed
Filed by Attorney for Cross-Complainant

**06/01/2017** Proof-Service/Summons
Filed by Attorney for Plaintiff

**06/01/2017** Proof-Service/Summons
Filed by SAM SABER (Plaintiff)

**06/01/2017** Proof-Service/Summons
Filed by SAM SABER (Plaintiff)

**05/03/2017** Civil Case Cover Sheet

**05/03/2017** Summons
Filed by Plaintiff

**05/03/2017** Complaint Filed

**05/03/2017** Summons Filed
Filed by Attorney for Plaintiff

**05/03/2017** Complaint
Filed by SAM SABER (Plaintiff)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP  10/01/2018

NEW SEARCH

# PETER D. GORDON & ASSOCIATES

### Attorneys at Law

8050 Melrose Avenue, 2nd Floor
Los Angeles, California 90046-7015
P: (323) 651-2700 · peter@lawnet1.com · F: (323) 651-3726

June 18, 2018

**Via FED EX OVERNIGHT**
Randy Chang, Esq.
THE CHANGE FIRM
7755 Center Ave Ste 1100
Huntington Beach, CA 92647

Re:    **Acceptance of §998 Offer and Request for Immediate Dismissal of the
        Action**

Dear Attorney Chang:

Please find enclosed the following:

1. The "Acceptance of Statutory Offer" form, signed by both Defendant Dowdle and myself, which results in a complete binding resolution of this matter.

2. Check #1015 in the amount of $9,750, made payable per your request to your Attorney Trust Account

3. A Request for Dismissal form, which we request that you sign and file within 10-days of receipt, pursuant to the terms of the Offer.

Very truly yours,

Peter D. Gordon, Esq.

PDG/san
/Encl.

**EXHIBIT "13"**

## ACCEPTANCE OF STATUTORY OFFER

Please take notice that Defendant executing this agreement, alone and for no other, accepts the statutory offer that was served by the Plaintiff identified in the attached offer (hereinafter "Plaintiff"), pursuant to California *Code of Civil Procedure*, section 998(c)(1) in the amount listed on the offer each to bear their own costs and expenses.

By accepting this offer Plaintiff and Defendant listed on the offer also agree to waive all interest on the settlement and any costs and expenses and agrees to assume responsibility for any and all liens, statutory or not, from or otherwise issued by medical facilities or individuals or from attorneys. By accepting this offer, Plaintiff and Defendant listed on the offer agree that this settlement shall serve as a full settlement and release of all claims they have against each other arising from this action and also as an accord and satisfaction of all debts between them. This settlement agreement is a standard release which includes the terms listed on the offer. Though execution of this release is not strictly a condition of acceptance of this offer, the enforceable release of all known and unknown claims is a condition. This agreement therefore is attached as evidencing the type of release contemplated by the parties.

This Acceptance merely recites the terms of the attached offer and those terms prevail if inconsistencies exist between the two documents.

In addition, by accepting this offer parties listed on the offer hereby acknowledges that the parties seek to have the Request for Dismissal fully executed and filed with the court after the payment of this settlement case be delivered to the Plaintiff.

Furthermore, both Plaintiff and Defendant agree that by this acceptance they waive all rights and privileges set forth in California *Civil Code* section 1542 as against Plaintiff and Defendant listed on the offer.

Dated:

*received 6/11/18*

By: *K. Dowell*

*APPROVED AS TO FORM:*
*by Peter Gorden*
*PETER R. GORDON, ESQ*
*Att. for K Dowell*

STATUTORY OFFER- 4



CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 76578 | FOR COURT USE ONLY |
|---|---|---|

NAME: PETER D. GORDON, ESQ.
FIRM NAME: PETER D. GORDON & ASSOCIATES
STREET ADDRESS: 8052 Melrose Avenue, 2nd Fl.
CITY: Los Angeles          STATE: CA      ZIP CODE: 90046
TELEPHONE NO.: 323/651-2700      FAX NO.: 323/651-3726
E-MAIL ADDRESS:
ATTORNEY FOR (Name):  Defendant/Cross-Complainant KAREN DOWDLE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
  STREET ADDRESS: 1725 Main Street
  MAILING ADDRESS:
  CITY AND ZIP CODE: Santa Monica, CA 90403
  BRANCH NAME: Central District

Plaintiff/Petitioner: SAM SABER, an individual
Defendant/Respondent: KAREN DOWDLE, an individual, et al

| REQUEST FOR DISMISSAL | CASE NUMBER:<br>SC 127481 |
|---|---|

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a  class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1.  TO THE CLERK: Please **dismiss** this action as follows:
   a. (1)  [X]  With prejudice  (2)  [ ]  Without prejudice
   b. (1)  [ ]  Complaint  (2)  [ ]  Petition
      (3)  [ ]  Cross-complaint filed by *(name):*                    on *(date):*
      (4)  [ ]  Cross-complaint filed by *(name):*                    on *(date):*
      (5)  [X]  Entire action of all parties and all causes of action
      (6)  [ ]  Other *(specify):* *

2.  *(Complete in all cases except family law cases.)*
   The court  [ ]  did  [X]  did not   waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).*

Date: June ___, 2018
RANDY CHANG, ESQ.
_____
(TYPE OR PRINT NAME OF  [X] ATTORNEY  [ ] PARTY WITHOUT ATTORNEY)
                                              ▶ _____
                                                          (SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
[X]  Plaintiff/Petitioner       [ ]  Defendant/Respondent
[ ]  Cross Complainant

3.  TO THE CLERK:  Consent to the above dismissal is hereby given.**
Date:
PETER D. GORDON, ESQ.
_____
(TYPE OR PRINT NAME OF  [X] ATTORNEY  [ ] PARTY WITHOUT ATTORNEY)
                                              ▶ *(signature)*
                                                          (SIGNATURE)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
[ ]  Plaintiff/Petitioner       [X]  Defendant/Respondent
[X]  Cross Complainant

*(To be completed by clerk)*
4.  [ ]  Dismissal entered as requested on *(date):*
5   [ ]  Dismissal entered on  *(date):*                    as to only *(name):*
6.  [ ]  Dismissal **not entered** as requested for the following reasons *(specify):*

7.  a. [ ]  Attorney or party without attorney notified on *(date):*
   b. [ ]  Attorney or party without attorney not notified. Filing party failed to provide
          [ ]  a copy to be conformed     [ ]  means to return conformed copy
Date:                              Clerk, by _____, Deputy

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. Jan. 1, 2013]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.; Gov. Code,
§ 68637(c); Cal. Rules of Court, rule 3.1390
*www.courts.ca.gov*

 Gmail

Andrew Schoettle <andrews.lawnet1@gmail.com>

---

# SABER v. DOWDLE
8 messages

---

**Andrew Schoettle** <andrews.lawnet1@gmail.com>
To: "randyc@thechangfirm.com" <randyc@thechangfirm.com>

Mon, Jul 2, 2018 at 12:50 PM

Dear Attorney Chang,

Please confirm that you have filed the Dismissal With Prejudice of the above-referenced case, as required by the 998 Offer and Acceptance.

Thank you,

**Andrew T. Schoettle, Attorney at Law**
8052 Melrose Avenue, 2nd Floor
Los Angeles CA 90046-7015
Tel: 323-651-2700
Fax: 323-651-3726
andrews.lawnet1@gmail.com



DISCLAIMER:

Please direct this e-mail to the recipient(s) to whom it was addressed. This e-mail is not a solicitation, does not constitute legal advice, nor is the sender a securities dealer, broker or investment adviser. This e-mail and any attached files transmitted with it are confidential and intended solely for use by the individual(s) or entity(ies) to whom addressed. If you are not the intended recipient, please immediately destroy this e-mail and delete it from your database. Thank you.

---

**Andrew Schoettle** <andrews.lawnet1@gmail.com>
To: "randyc@thechangfirm.com" <randyc@thechangfirm.com>, peter gordon <peter@lawnet1.com>

Fri, Jul 6, 2018 at 1:22 PM

Dear Attorney Chang,

This is a follow up to my previous email of July 2 and call/voicemail to you today. Please confirm **by next Friday, July 13th** that you have dismissed this action with prejudice pursuant to the 998 offer, accepted by Defendant Dowdle. I hope that we will not be required to file a Motion to Enforce Settlement and for Sanctions to resolve this matter.

Thanks,

**Andrew T. Schoettle, Attorney at Law**
8052 Melrose Avenue, 2nd Floor
Los Angeles CA 90046-7015
Tel: 323-651-2700
Fax: 323-651-3726
andrews.lawnet1@gmail.com



DISCLAIMER:

Please direct this e-mail to the recipient(s) to whom it was addressed. This e-mail is not a solicitation, does not constitute legal advice, nor is the sender a securities dealer, broker or investment adviser. This e-mail and any attached files transmitted with it are confidential and intended solely for use by the individual(s) or entity(ies) to whom addressed. If you are not the intended recipient, please immediately destroy this e-mail and delete it from your database. Thank you.


EXHIBIT " 14 "

[Quoted text hidden]

---

**randyc@thechangfirm.com** <randyc@thechangfirm.com>                    Fri, Jul 6, 2018 at 1:43 PM
To: Andrew Schoettle <andrews.lawnet1@gmail.com>, peter gordon <peter@lawnet1.com>

Counsel,

The Plaintiff apparently filed bankruptcy on or about June 10. My understanding is that your office was served with the notice of bankruptcy. I have been advised by the bankruptcy counsel that this settlement needs to be approve by the bankruptcy court.

**Regards,**

**Randy Chang**

The Chang Firm
7755 Center Ave, Ste 1100 Huntington Beach, CA 92647
**T** 818.599.8095    **F** 866.541.8491
**E** randyc@thechangfirm.com  www.thechangfirm.com

The Chang Firm is A + Rated on BBB, BCA and positive reviews on Yelp!

The contents of this e-mail message and its attachments are intended solely for the addressee(s) hereof. In addition, this e-mail transmission may be confidential and it may be subject to privilege protecting communications between attorneys or solicitors and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments, if any. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C. 2510-2522).

IRS CIRCULAR 230 DISCLOSURE: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in, omitted from, or implied by this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

[Quoted text hidden]

---

**Andrew Schoettle** <andrews.lawnet1@gmail.com>                    Fri, Jul 6, 2018 at 2:33 PM
To: "randyc@thechangfirm.com" <randyc@thechangfirm.com>

Randy,

We have received no such notice. Could you send along bankruptcy counsel's information?

**Andrew T. Schoettle, Attorney at Law**
8052 Melrose Avenue, 2nd Floor
Los Angeles CA 90046-7015
Tel: 323-651-2700
Fax: 323-651-3726
**andrews.lawnet1@gmail.com**



DISCLAIMER:
Please direct this e-mail to the recipient(s) to whom it was addressed. This e-mail is not a solicitation, does not constitute legal advice, nor is the sender a securities dealer, broker or investment adviser. This e-mail and any attached files transmitted with it are confidential

and intended solely for use by the individual(s) or entity(ies) to whom addressed. If you are
not the intended recipient, please immediately destroy this e-mail and delete it from your
database. Thank you.

[Quoted text hidden]

---

**Andrew Schoettle** <andrews.lawnet1@gmail.com>                                    Fri, Jul 13, 2018 at 11:45 AM
To: "randyc@thechangfirm.com" <randyc@thechangfirm.com>

Randy,

Following up on this from 7-days ago. Have you filed a bk stay in the civil case?

Mr. Saber's bk counsel seems to be unavailable, do you have a view on the best path forward? We would like to wrap this
up and conclude this as expeditiously as possible.

Thank you,

**Andrew T. Schoettle, Attorney at Law**
8052 Melrose Avenue, 2nd Floor
Los Angeles CA 90046-7015
Tel: 323-651-2700
Fax: 323-651-3726
andrews.lawnet1@gmail.com



DISCLAIMER:
Please direct this e-mail to the recipient(s) to whom it was addressed. This e-mail is not a
solicitation, does not constitute legal advice, nor is the sender a securities dealer, broker
or investment adviser. This e-mail and any attached files transmitted with it are confidential
and intended solely for use by the individual(s) or entity(ies) to whom addressed. If you are
not the intended recipient, please immediately destroy this e-mail and delete it from your
database. Thank you.

[Quoted text hidden]

---

**randyc@thechangfirm.com** <randyc@thechangfirm.com>                                    Tue, Aug 7, 2018 at 1:59 PM
To: Andrew Schoettle <andrews.lawnet1@gmail.com>

Andrew,

I received confirmation that the 998 offer would not be honored in Chapter 11 since it was accepted the bankruptcy was
filed.

Regards,

Randy Chang

[Quoted text hidden]

---

**Andrew Schoettle** <andrews.lawnet1@gmail.com>                                    Mon, Aug 13, 2018 at 11:56 AM
To: "randyc@thechangfirm.com" <randyc@thechangfirm.com>

Randy,

Let me know where this leaves us. You still have not filed a Notice of Stay with the Court. If the bankruptcy remains
pending, the superior court should be advised.

Thanks,

**Andrew T. Schoettle, Attorney at Law**
8052 Melrose Avenue, 2nd Floor
Los Angeles CA 90046-7015
Tel: 323-651-2700
Fax: 323-651-3726
andrews.lawnet1@gmail.com



GORDON & ASSOCIATES

DISCLAIMER:
Please direct this e-mail to the recipient(s) to whom it was addressed. This e-mail is not a
solicitation, does not constitute legal advice, nor is the sender a securities dealer, broker
or investment adviser. This e-mail and any attached files transmitted with it are confidential
and intended solely for use by the individual(s) or entity(ies) to whom addressed. If you are
not the intended recipient, please immediately destroy this e-mail and delete it from your
database. Thank you.

[Quoted text hidden]

---

**randyc@thechangfirm.com** <randyc@thechangfirm.com>                    Mon, Aug 13, 2018 at 2:57 PM
To: Andrew Schoettle <andrews.lawnet1@gmail.com>

Andrew,

The bankruptcy does not stay the lawsuit since it is the plaintiff who filed bankruptcy.  As of right now, I have been
instructed to return the settlement check to your office.  All matters are still on calendar.

[Quoted text hidden]

Electronically FILED by Superior Court of California, County of Los Angeles on 01/18/2019 03:31 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Watson,Deputy Clerk

RANDY CHANG, ESQ (SBN 237618)
THE CHANG FIRM
7755 Center Avenue, Suite 1100
Huntington Beach, CA 92647
(818) 599-8095
Fax (866) 541-8491
Randyc@thechangfirm.com

Attorney for Plaintiff/Cross Defendant
SAM SABER

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SAM SABER, an Individual | *Case No.:* SC127481 |
| Plaintiffs, | *Assigned for All Purpose To:*<br>*Dept: M* |
| vs. | PLAINTIFF'S MOTION IN LIMINE NO. 3 TO EXCLUDE DOCUMENTS, TESTIMONY AND OTHER EVIDENCE REGARDING PLAINTIFF'S CHAPTER 11 BANKRUPTCY |
| KAREN DOWDLE ET AL, | |
| Defendants | Date:        January 28, 2019<br>Time:        9:00 a.m.<br>Location: 1725 Main Street, Santa Monica, CA 90401 |
| AND RELATED CROSS ACTION | |

PLEASE TAKE NOTICE that on January 28, 2019, at 9:00 a.m., in Department M of

Superior Court of the State of California, for the County of Los Angeles located 1725 Main

Street, Santa Monica, CA 90401, Plaintiff will move in limine for an order preventing

Defendant, its counsel, and all witnesses from producing any documents or other demonstrative

evidence and from making any statement, reference, innuendo, suggestion or implication

regarding the cause of death for Jefferey Dowdle.



**EXHIBIT** " 15 "

- 1

## MEMORANDUM OF POINTS AND AUTHORITIES

### The Court should grant the motion

It is well settled that "to be so admissible, the evidence must be relevant (Evidence Code§ 350), that is, it must tend logically, naturally and by reasonable inference to establish a material face· Brokopp v. Ford Motor Co., (1977) 71 Cal. App. 3d 841,853. Inflammatory evidence that is clearly remote is inadmissable at trial. See Carr v.Pacific Tel. Co.., ( 1972) 26 Cal. App. 3d 537; See also Ajaxo v. E*TRADE Group, Inc. (2005)135 Cal.App.4th 21 , 37 Cal.Rptr.3d 221 (evidence that has little to no relevance and creates an emotional bias against a party is inadmissible).

"No evidence is admissible except relevant evidence." Evidence Code § 350. Relevant evidence is evidence "having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action. Evidence Code§ 210. In addition, the Court may exclude, evidence, otherwise relevant, "if its probative value is substantially outweighed by the probability that its admission will necessitate undue consumption of time or (create substantial danger of unfair prejudice or confusing the issues, or of misleading the jury."

Here, the Chapter 11 bankruptcy is not relevant and if admitted, could unfairly prejudiced the Plaintiff.

Date January 18, 2019

Randy Chang

# MEMORANDUM OF POINTS AND AUTHORITIES

### The Court should grant the motion

It is well settled that "to be so admissible, the evidence must be relevant (Evidence Code§ 350), that is, it must tend logically, naturally and by reasonable inference to establish a material face· Brokopp v. Ford Motor Co., (1977) 71 Cal. App. 3d 841,853. Inflammatory evidence that is clearly remote is inadmissable at trial. See Carr v.Pacific Tel. Co., ( 1972) 26 Cal. App. 3d 537; See also Ajaxo v. E*TRADE Group, Inc. (2005)135 Cal.App.4th 21 , 37 Cal.Rptr.3d 221 (evidence that has little to no relevance and creates an emotional bias against a party is inadmissible).

"No evidence is admissible except relevant evidence." Evidence Code § 350. Relevant evidence is evidence "having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action. Evidence Code§ 210. In addition, the Court may exclude, evidence, otherwise relevant, "if its probative value is substantially outweighed by the probability that its admission will necessitate undue consumption of time or (create substantial danger of unfair prejudice or confusing the issues, or of misleading the jury."

Here, the Chapter 11 bankruptcy is not relevant and if admitted, could unfairly prejudiced the Plaintiff.

Date January 18, 2019

Randy Chang

RANDY CHANG, ESQ (SBN 237618)
THE CHANG FIRM
7755 Center Avenue, Suite 1100
Huntington Beach, CA 92647
(818) 599-8095
Fax (866) 541-8491
Randyc@thechangfirm.com

Attorney for Plaintiff/Cross Defendant
SAM SABER

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SAM SABER, an Individual | *Case No.*: SC127481 |
| | |
| Plaintiffs, | *Assigned for All Purpose To:* |
| | *Judge: Honorable Mark A. Young* |
| vs. | *Dept: M* |
| | |
| KAREN DOWDLE ET AL, | [PROPOSED] ORDER PLAINTIFF'S MOTION IN LIMINE NO. 3 TO EXCLUDE DOCUMENTS, TESTIMONY AND OTHER EVIDENCE REGARDING PLAINTIFF'S CHAPTER 11 BANKRUPTCY |
| Defendants | |
| | Date:      January 28, 2019 |
| | Time:      9:00 a.m. |
| | Location: 1725 Main Street, Santa Monica, CA 90401 |
| | |
| AND RELATED CROSS ACTION | |

PLAINTIFF MOTION FOR LIMIINE # 3 is hereby _____ granted _____ deny.


Date

_____
Superior Court Judge

– 1

Electronically FILED by Superior Court of California, County of 04/23/2019 Carter, by M. Barel, Deputy Clerk

1  PETER D. GORDON, ESQ., State Bar No. 76578
   ANDREW T. SCHOETTLE, ESQ., State Bar No. 313116
2  PETER D. GORDON & ASSOCIATES
   8050 Melrose Avenue – Second Floor
3  Los Angeles, California  90046-7015
   (323) 651-2700 Office
4  (323) 651-3726 Fax

5  Attorney for Defendant and Cross-Complainant
   KAREN DOWDLE

6

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

              FOR THE COUNTY OF LOS ANGELES

9

10  SAM SABER, an individual,                    )  Case No.: SC 127481
                          )
11                 Plaintiff      )  **DEFENDANT/CROSS-**
                          )  **COMPLAINANT KAREN DOWDLE'S**
12  v.                                            )  **OPPOSITION TO MOTION IN**
                          )  **LIMINE #3**
13  KAREN DOWDLE, an individual, ESTAE          )
   OF JEFFERY DOWDLE,  a legal estate;          )
14  DOES 1 through 30, inclusive,                 )  FSC Date:  January 25, 2019
                          )
15               Defendant.      )  Trial Date:  January 28, 2019
   —————————————————————  )
16  KAREN DOWDLE, an individual;               )  Dept.      M
                          )
17                            )
           Cross-Complainant,      )  Hon.  Mark A. Young
18                            )
                          )  Complaint filed: 05/03/2017
19  v.                                            )  Cross-Complaint Filed: 06/12/17
                          )
20  SAM SABER, an individual; and ROES 1        )
   through 10, inclusive,                       )
21                            )
           Cross-Defendants.      )
22  —————————————————————

23        This Opposition to Plaintiff's procedurally defective Motion in Limine #3 is filed on

24  behalf of Defendant Karen Dowdle based on the following facts and legal authorities:

25  \ \ \ \

26

27                 **EXHIBIT "16"**

28

              OPPOSITION TO MOTION IN LIMINE NO. 3
                          - 1 -

**A. <u>PLAINTIFF'S CARELESSNESS RESULTS IN CONFUSING REFERENCES TO EXCLUSION OF CAUSE OF DEATH FROM MOTION IN LIMINE #1 MAKING IT IMPOSSIBLE FOR DEFENDANT TO KNOW WHAT REMEDY PLAINTIFF IS SEEKING:</u>**

Apparently due to a rushed job on Plaintiff's 4-motions in limine, the Motion in Limine #3 describes its basis as "preventing Defendant, its counsel, and all witnesses from producing any documents or other demonstrative evidence . . . <u>regarding the cause of death for Jefferey Dowdle.</u>" *(See Page 1, lns. 26-27)*

There is no further explanation for the basis of the motion or the remedy requested, making it impossible to know what exactly Plaintiff is requesting. The only "argument" in favor of Motion in Limine #3 to exclude "evidence regarding Plaintiff's Chapter 11 bankruptcy." There is no factual position stated, nor an explanation as to why the issue is irrelevant. There is merely a reference to Evid. Code Secs. 350 and 352. Likewise the memorandum of points and authorities includes general citations on relevance and again a reference to Evid. Code. This motion in limine is belated, without any meaningful argument and entirely devoid of a discussion showing why the mortgage default notices received by the Defendant during the lease is irrelevant.

**B. <u>BASED ON PLAINTIFF'S FAILURE TO FOLLOW THE COURT'S TRIAL ORDER AND LOCAL RULE 3.57 THIS MOTION IN LIMINE SHOULD BE DENIED</u>**

This matter is set for jury trial on January 28, 2019 with a Final Status Conference scheduled for January 25, 2019. On January 18, some 7 calendar days and 5 court days prior to the Final Status Conference, Plaintiff served this Motion in Limine by U.S. Mail, making it effectively served on January 23, 2019, just two days before the Final Status Conference.

1. <u>Instead of service by January 2, Motions in Limine Served January 23, 2019:</u>

Thus, pursuant to the Court's standing order and local rules, this motion *in limine, along with nos. 1, 2 and 4,* are all, untimely. ("Motions in limine . . . must be filed with statutory notice" *Dept. M Trial Preparation Order).* Pursuant to the Court's Order, such motions would need to be

OPPOSITION TO MOTION IN LIMINE NO. 3

filed 16-court days prior to the Final Status Conference, e.g. January 2, 2018, providing Defendant sufficient time to review and respond to this request. Instead, Defendant has been provided 24-hours' notice to both review and provide a response.

### 2. **Failure to Articulate Prejudice in Declaration Renders Motions Fatally Defective:**

In addition, Plaintiff was required to comply with California Rule of Court 3.57, which requires a detailed declaration be filed, stating the following:

"(a) Required Declaration. Motions made for the purpose of precluding the mention or display of inadmissible and prejudicial matter in the presence of the jury must be accompanied by a declaration that includes the following:

(1) Specific identification of the matter alleged to be inadmissible and prejudicial;

(2) A representation to the court that the subject of the motion has been discussed with opposing counsel, and that opposing counsel has either indicated that such matter will be mentioned or displayed in the presence of the jury before it is admitted in evidence or that counsel has refused to stipulate that such matter will not be mentioned or displayed in the presence of the jury unless and until it is admitted in evidence;

(3) A statement of the specific prejudice that will be suffered by the moving party if the motion is not granted; and

(4) If the motion seeks to make binding an answer given in response to discovery, the declaration must set forth the question and the answer and state why the use of the answer for impeachment will not adequately protect the moving party against prejudice in the event that evidence inconsistent with the answer is offered."

Plaintiff's counsel provided a very brief declaration in support. However, that Declaration is woefully deficient. There is no statement regarding what prejudice will result to Plaintiff from introduction of evidence related to the bankruptcy and no statement advising the court of

1  Plaintiff's counsel's attempts to meet and confer, because such a meet and confer has never

2  happened. *See Decl. of Peter Gordon*, attached hereto.

3

4  <u>**Motions in Limine Should Be Stricken**</u>

5  Based on these foregoing procedural and statutory bases, Defendant hereby moves this

6  Court to strike the motions in limine and refuse to consider them by reason of counsel's failure to

7  adhere to local rules and statutory requirements.

8

9  C. <u>**IN THE ALTERNATIVE, IF THE COURT IS WILLING TO CONSIDER THIS**</u>

10  <u>**MOTION DESPITE ITS PROCEDURAL AND SUBSTANTIVE DEFECTS,**</u>

11  <u>**DEFENDANT SUBMITS THE FOLLOWING JUSTIFICATION FOR INCLUSION**</u>

12  <u>**OF SUCH EVIDENCE:**</u>

13

14  Defendant Dowdle contends that the parties agreed to terminate the lease by payment of pro-

15  rated May 2014 rent. Dowdle contends that Saber's financial distress caused him to repudiate the

16  agreement and make the outrageous and unsupported claims in this case.

17  The fact that Mr. Saber is in bankruptcy with over $8,000,000 in debt, supports Dowdle's

18  theory of Mr. Saber's acute financial distress and his motive for repudiating their agreement. It is

19  thus highly relevant to the case and outweighs any prejudice to Mr. Saber, who sought

20  bankruptcy protection during the pendency of this action – fully aware of the fact that Defendant

21  would be raising claims about his financial distress.

22  Lastly, as noted above, the required declaration by Plaintiff's counsel Chang fails to

23  describe the potential prejudice to Plaintiff or any justification for the exclusion of this fact,

24  rendering the motion in limine fundamentally deficient and subject to denial.

25  ////

26

27

28

## CONCLUSION

For each of the foregoing reasons, the Motion in Limine should be denied in its entirety.

Date:  January 23, 2019

Respectfully submitted

PETER D. GORDON, ESQ.

By:_____

PETER D. GORDON, Attorney for
Defendant/X-Complainant
KAREN DOWDEE

## DECLARATION OF PETER D. GORDON

I, PETER D. GORDON, declare,

      I am an attorney at law duly licensed to practice before all the courts of the State of California I am the attorney for Defendant KAREN DOWDLE in this action. Each of the statements set forth below is based on facts and events known to me of my own personal knowledge and, if called upon as a witness, I would be competent to attest to the following:

      1.  I have been admitted to all of the Courts of the State of California as a licensed member of the California State Bar for more than 30-years. I am also admitted to the U.S. Supreme Court, the Central, Southern and Eastern Districts of the U.S. District Courts of California and to the 6th and 9th Circuit Courts of Appeal.

## PROCEDURAL DEFICIENCIES IN CHANG DECLARATION IN SUPPORT OF MOTIONS IN LIMINE

      2.  I both sent emails and made phone calls to Attorney Chang in the 2-week period leading up to the Final Status Conference. I asked him to provide his draft jury instructions and proposed verdict forms. He never provided any of the requested documents.

      3.  Similarly, I was given no notice of his intent to file Motions in Limine. The 4-motions arrived by US Mail mid-day on Tuesday, January 22, 2019. There was no prior meet and confer by Attorney Chang, no stipulation for serving documents by email and I was literally surprised by his belated serving and filing of the 4 Motions in Limine.

      4.  On review of his required declaration, there is a noticeable absence of any reference to an attempt to meet and confer prior to filing. In addition, the proof of service acknowledges that they were served by US Mail on January 18, 2019, just 5-court days prior to the Final Status Conference.

      5.  Furthermore, the 4 motions are duplicative without any attempt to explain the prejudice that Plaintiff Saber would suffer by the introduction of the evidence sought to be excluded. Lack of relevance is also without detail, argument or explanation, rendering the declaration deficient.

6.  Based on the foregoing procedural and statutory errors and omissions, Defendant hereby moves this Court to either (a) strike the motions in limine for their non-compliance with local rules and statutory requirements or (b) deny them on the merits of Defendant's arguments on both the relevance and need for such evidence to prove Defendant's case.

I declare under the penalty of perjury that the foregoing is true and correct.  Executed in the County of Los Angeles, State of California on JANUARY 23, 2019.

PETER D. GORDON, Esq.

## PROOF OF SERVICE

1

2  STATE OF CALIFORNIA            )
                                 ) ss.
3  COUNTY OF LOS ANGELES         )

4      I am employed in the County of Los Angeles, State of California.

5      I am over the age of 18 and not a party to the within action.  My BUSINESS address is
6  8052 Melrose Avenue, 2nd Floor, Los Angeles CA, 90046.

7      On December 23, 2019, I caused to be served the foregoing document described as
   **OPPOSITION TO MOTION IN LIMINE NO. 3** on the interested parties in this action by
8  placing a true copy thereof enclosed in a sealed envelope addressed as follows:

9  randyc@thechangfirm.com

10 **BY FEDEX DELIVERY**
11 Randy Chang, Esq.
   The Chang Firm
12 7755 Center Ave Ste 1100
   Huntington Beach, CA 92647
13
   ( X ) (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the
14 United States Mail at Los Angeles, California.  Under that practice it would be deposited with the
   U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles,
15 California in the ordinary course of BUSINESS.  I am aware that on motion of the party served,
   service is presumed invalid if postal cancellation date or postage meter date is more than one day
16 after date of deposit for mailing in affidavit.

17
   ( X ) BY EMAIL OR ELECTRONIC TRANSMISSION: I caused a copy of the document(s)
18 to be sent from e-mail address peter@lawnet1.com to the persons at the e-mail address
   dm@davidmoriel.com.  I did not receive, within a reasonable time after the transmission, any
19 electronic message or other indication that the transmission was unsuccessful

20
   ( ) (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the
21 interested parties at the above address.

22 ( ) (BY FACSIMILE AND MAIL) I caused such document to be transmitted by facsimile to
   the attention of _____, at facsimile number _____, received the
23 attached confirmation of sending, and placed in an envelope with the postage thereon fully
24 prepaid in the United States mail at Los Angeles, California.

25 ( ) (BY MESSENGER) By entrusting such envelope to a professional messenger service to
   effect personal service and delivery.
26

27 ( X ) (STATE) I declare under penalty of perjury under the laws of the State of California that
   the above is true and correct.

28

( ) (FEDERAL)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 23, 2019, County of Los Angeles, State of California.

Shelia Newels

Electronically FILED by Superior Court of California, County of Los Angeles on 01/18/2019 03:25 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Watson,Deputy Clerk

RANDY CHANG, ESQ (SBN 237618)
THE CHANG FIRM
7755 Center Avenue, Suite 1100
Huntington Beach, CA 92647
(818) 599-8095
Fax (866) 541-8491
Randyc@thechangfirm.com

Attorney for Plaintiff/Cross Defendant
SAM SABER

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SAM SABER, an Individual<br><br>        Plaintiffs,<br><br>    vs.<br><br>KAREN DOWDLE ET AL,<br><br>        Defendants<br><br><br><br><br>AND RELEATED CROSS ACTION | *Case No.:* SC127481<br><br>*Assigned for All Purpose To:*<br>*Judge: Honorable Mark A. Young*<br>*Dept: M*<br><br>PLAINTIFF TRIAL BRIEF<br><br>Date:    January 28, 2019<br>Time:    9:00 a.m.<br>Location:  1725 Main Street, Santa Monica, CA 90401 |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF**

**RECORD:**

    Plaintiff, Sam Saber, hereby submits his trial brief in the above referenced matter.

### INTRODUCTION

    Defendant Karen Dowdle and her late husband, Jefferey Dowdle, leased the single-family

residence commonly known as 723 10th Street, Santa Monica, CA 90402 ("Premises") from the

- 1

**EXHIBIT "17"**

owner, Plaintiff, Sam Saber. The original lease was for 18 months from 2012 to 2014 and prior

to the expiration of the original lease, parties executed another agreement extending the tenancy

for further 12 months from April 1, 2014 through March 30, 2015. However, Defendant Karen

Dowdle vacated the Premises on or around May 2014 while there was still 10 months remaining

on the second lease after Defendant Jeffry Dowdle passed away. Plaintiff sued Defendant Karen

Dowdle and the estate of Jefferey Dowdle for the early termination and damages to the Premises.

As a result of this lawsuit, Defendant Karen Dowdle, as a defensive scheme, filed her

own cross complaint alleging causes of action that would not likely to prevail against the

Plaintiff.

## **SUMMARY OF FACTS**

On or about September 11, 2012, Defendant Karen Dowdle and her late husband, T.

Jeffrey Dowdle (collectively the "Dowdle") entered into an 18-month lease with Plaintiff. The

Dowdle then executed a subsequent lease for the Premises extending the tenancy a further 12

months from April 1, 2014 through March 30, 2015.

Jeffrey Dowdle passed away at the hospital on or about April 9, 2014 as a result of

apparent self-inflicting wounds. Shortly thereafter, Defendant Karen Dowdle ("Karen") vacated

the Premises with approximately 10 months remaining on the lease.

The Premises sustained considerable damage during the tenancy. The interior of the

Premises sustained damage due to the presence of at least two dogs and at least one unpermitted

cat. The wood floors were scratched throughout the house. The carpeting was stained through

from pet urine. The walls and baseboards were damaged due to pet marking and scratches. The

walls were discolored due to pet urine.

The exterior of the property had also been neglected. Pursuant to the terms of the Lease, the tenants were responsible for maintaining the garden and the lawn, including but not limited to watering and trimming. At the time Ms. Dowdle vacated the premises, the garden plants and lawn had died, and many of the surrounding trees were dying.

The repairs took nearly four (4) months to complete. Mr. Saber aggressively sought to re-let the premises as quickly as possible. It took 118 days, and a $1,000 per month reduced price, to get the property re-let. The Dowdle were renting for $11,995 per month. Total rent lost included approximately four months at $11,995, plus six and a half months at a loss of $1,000 a month, for an estimated $53,680 in lost rent alone.

On May 29, 2014, Plaintiff mailed to Defendant's attention a list of the estimated repair costs incurred to return the premises to a condition comparable to when they had moved in. On or about August 13, 2014, Mr. Saber sent to Ms. Dowdle a second letter itemizing an estimated total of costs incurred due to repairs and lost rent. Both letters were sent to the Premises, as no forwarding address had been provided.

## LEGAL ARGUMENT

### A. IT IS UNDISPUTED THAT DEFENDANT KAREN TERMINATED THE LEASE PREMATURELY AND WITHOUT CONSENT

Defendant will concede that she terminated the lease prior to the expiration date of the second lease and also failed to provide written notice to Plaintiff.

### B. LEASE CONTRACT WILL SPEAK FOR ITSELF AS TO THE OBLIGATIONS OF THE TENANTS

Paragraph 11 of the lease specifically obligated the Defendant to maintain the yard, garden, tree and shrubs.

### C. THE STATEMENT OF ITEMIZATION OF THE SECURITY DEPOSIT WAS

- 3

TIMELY PROVIDED.  EVEN SO, PLAINTIFF IS NOT PRECLUDED FROM RECOVERY OF DAMAGES.

Defendant Karen conveniently posit that she did not receive any of the security deposit itemization breakdown that was mailed to the Premises since she failed to provide a forwarding address.   A shrub is too large to hide this façade.   Even so, a landlord's good faith failure to furnish the itemized statement or otherwise comply with CC §1950.5 does not preclude the landlord from asserting a setoff against the security deposit for unpaid rent, repairs and cleaning. *Granberry v. Islay Investment.* (1995) 9 C4th 738. Further, a landlord who has failed in good faith to take advantage of the summary nonjudicial deduct-and-retain procedure allowed under §1950.5 may recover damages for unpaid rent repairs and cleaning in a subsequent judicial proceeding.

## D.  DEFENDANT KAREN'S CROSS COMPLAINT AGAINST PLAINTIFF FAILS

Defendant Karen's cross complaint for 1. Breach of Contract, 2. Breach of Quiet Enjoyment, 3. Money Had and Received, and 4. Unfair Deceptive Business Practice have no merits for many reasons.  For starters, Defendant Karen have admitted that she never provided any written notice to Plaintiff of her intention to terminate the lease early.  She will also testify that she vacated the Premises because she couldn't "purportedly" afford the Premises after her husband passed away – despite the fact that they had over $1 million dollars in the money market and also owned a residence in Ohio.

   i.      THE SECOND CAUSE OF ACTION FOR BREACH OF THE COVENANT OF QUIET ENJOYMENT LACKS MERIT

- 4 -

civil Code section 1927 provides: "An agreement to let upon hire binds the letter to secure to the hirer the quiet possession of the thing hired during the term of the hiring, against all persons lawfully claiming the same."

In general, "in every lease the landlord impliedly covenants that the tenant shall have quiet enjoyment and possession of the premises. In California this covenant is partially expressed in Civil Code section 1927, which guarantees the tenant against rightful assertion of a paramount title. Beyond the statutory covenant, the landlord is bound to refrain from action which interrupts the tenant's beneficial enjoyment." (*Guntert v. City of Stockton* (1976) 55 Cal.App.3d 131, 138.)

The covenant "insulates the tenant against any act or omission on the part of the landlord, or anyone claiming under him, which interferes with a tenant's right to use and enjoy the premises for the purposes contemplated by the tenancy. " (*Petroleum Collections Inc. v. Swords* (1975) 48 Cal.App.3d 841, 846.)

In the present case, there was never any act or omission that ever interfered with Defendants' rights to use or enjoyment. There was never any claim to paramount title. There was never a foreclosure.  This goes without saying, Defendant Karen admitted that she terminated the lease prematurely because she "allegedly" couldn't afford the rent anymore.

As noted, the original 18-month lease was entered into on or about September 11, 2012 through March 2014. A subsequent lease for the Premises was then entered into extending the tenancy an additional 12 months from April 1, 2014 through March 30, 2015.

- 5

Defendant claims her quiet enjoyment was harmed by unspecified problems with the property. The evidence will show, however, that there were no such problems and that no complaints were ever made as to any necessary repairs ***at any time during the initial lease or the extension thereof. Moreover, the contractual obligations required Defendants to keep the property in repair, not Plaintiff.***

Though Defendants attempt to claim that foreclosure notices sent around July 4, 2013 harmed their quiet enjoyment, once again no complaints were ever made by Defendants ***and Defendants went on to extend the lease***!

Defendants' cause of action for breach of the covenant of quiet enjoyment must fail.

ii.    THE FOURTH CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES LACKS MERIT

Business & Professions Code §17200 prohibits any "unlawful, unfair or fraudulent business act or practice" and any "unfair, deceptive, untrue or misleading advertising."

Defendant has testified that she could not afford the property. There has been nothing unlawful, unfair, or fraudulent committed by Plaintiff in this case. This claim too must fail.

E.  DAMAGES

As a result of Defendant Karen's breach of lease terms, Plaintiff sustained damages of $104,501 prior to offset of the security deposit as provided in Exhibit 103.

CONCLUSION

Plaintiff is entitled to judgment against Defendant Karen.

1
2
3
4
5
6    Dated: January 18, 2019                    THE CHANG FIRM
7
8
9                                               Randy Chang
10                                              Attorney for Plaintiff/Cross Defendant
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

– 7 –

**PROOF OF SERVICE**
(CCP §§ 1013A, 2015.5)

STATE OF CALIFORNIA    )
COUTNY OF ORANGE       )

  I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within entitled action. My business address is 7755 Center Ave. Suite 1100, Huntington Beach, California 92647.

  On the date set forth below, I served the within

Trial Brief, Plaintiff Witness List, Plaintiff Exhibit List, Plaintiff Jury Instructions, Motions in Limine #1 through # 4, and Proposed Orders for Motions in Limine #1 through # 4

by placing a true and correct copy in a sealed envelope with postage fully prepaid, in the United States Mail at Huntington Beach, California addressed as follows:

Peter D. Gordon & Associates
8052 Melrose Ave 2nd Fl
Los Angeles CA 90046

  Date Deposited in the United States Mail January 18, 2019

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

  Executed on January 18, 2019 at Huntington Beach, California


_____
Randy Chang

- 8

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**8052 Melrose Avenue, 2d Floor
Los Angeles, CA 90046**

A true and correct copy of the foregoing document entitled (*specify*): **KAREN DOWDLE'S REPLY MEMORANUDM OF POINTS AND AUTHORITIES IN RESPONSE TO SAM SABER'S OPPOSITION TO THE MOTION FOR NUNC PRO TUNC RELIEF FROM THE AUTOMATIC STAY; DECLARATIONS; EXHIBITS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 23, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) April 23, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Randy Chang, Esq.**
The Chang Firm
7755 Center Ave Ste 1100
Huntington Beach, CA 92647

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) April 24, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Hon. Mark A. Young**
c/o Clerk, Dept. M
Superior Court of Los Angeles
1725 Main Street
Santa Monica, CA 90401

**Hon. Sheri Bluebond**
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1534 / Courtroom 1539
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 23, 2019 | Andrew Schoettle | /s/ Andrew Schoettle |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

### NEF Electronic Mail Notice List

1

2   **Cab West LLC**
    c/o Randall P. Mroczynski
3   Cooksey, Toolen, Gage, Duffy & Woog
    535 Anton Boulevard, 10th Floor       represented
4   Costa Mesa, CA 92626                  by

5

6

**Randall P Mroczynski**
Cooksey Toolen Gage Duffy &
Woog
535 Anton Blvd 10th Fl
Costa Mesa, CA 92626-1947
714-431-1100
714-431-1109 (fax)
randym@cookseylaw.com

7   **Deutsche Bank National Trust
    Company**
8   Robertson, Anschutz & Schneid, P. L.
    6409 Congress Avenue, suite 100       represented
9   Boca Raton, FL 33487                  by

10

**Theron S Covey**
550 West C Street
Suite 1670
San Diego, CA 92101
619-241-2860
619-241-2862 (fax)
tcovey@rasflaw.com

11  **Epps & Coulson, LLP**
12  707 Wilshire Blvd.
    Suite 3000
13  Los Angeles, CA 90017                 represented
    213-929-2390                          by
14  dcoulson@eppscoulson.com

15

**Dawn M Coulson**
Epps & Coulson LLP
707 Wilshire Blvd.
Suite 3000
Los Angeles, CA 90017
213-929-2390
213-929-2394 (fax)
dcoulson@eppscoulson.com

16  **JPMorgan Chase Bank, National
17  Association**
    c/o McCarthy & Holthus, LLP
18  1770 Fourth Avenue                    represented
    San Diego, CA 92101                   by
19

20

**Merdaud Jafarnia**
McCarthy & Holthus LLP
411 Ivy Street
San Diego, CA 92101
619-685-4800
619-685-4810 (fax)
bknotice@mccarthyholthus.com

21  **Joon M Khang**
    KHANG & KHANG LLP
22  4000 Barranca Parkway, Suite 250
    Irvine, CA 92604                      represented
23  (949) 419-3834                        by
    (949) 385-5868 (fax)
24  joon@khanglaw.com)

25

**Joon M Khang**
KHANG & KHANG LLP
4000 Barranca Parkway, Suite 250
Irvine
Irvine, CA 92604
949-419-3834
949-419-3835 (fax)
joon@khanglaw.com

26  **Kinkle, Rodiger & Spriggs, P.C**
    Kinkle, Rodiger & Spriggs, P.C
27  C/O Herzlich & Blum, LLP
    15760 Ventura Blvd., Suite 700        represented
28  Encino, CA 91436                      by

**Allan Herzlich**
15760 Ventura Blvd Ste 850
Encino, CA 91436
818-783-8991
818-783-6682 (fax)

| | | |
|---|---|---|
| 1 | 8187838991 | allan@herzlich-blum.com |
| 2 | 8187836682 (fax)<br>allan@herzlich-blum.com | |
| 3 | **Samuel Michael Saber** | **Joon M Khang** |
| 4 | 1112 Montana Ave<br>Santa Monica, CA 90403 | KHANG & KHANG LLP<br>4000 Barranca Parkway, Suite 250 |
| 5 | SSN / ITIN: xxx-xx-9303 | represented Irvine<br>by Irvine, CA 92604 |
| 6 | | 949-419-3834<br>949-419-3835 (fax) |
| 7 | | joon@khanglaw.com |
| 8 | **United States Trustee (LA)** | **Kenneth G Lau** |
| 9 | 915 Wilshire Blvd, Suite 1850<br>Los Angeles, CA 90017 | Office of the United States Trustee<br>915 Wilshire Blvd, Suite 1850 |
| 10 | (213) 894-6811<br>ustpregion16.la.ecf@usdoj.gov | represented Los Angeles, CA 90017<br>by 213-894-4480 |
| 11 | *(U.S. Trustee)* | 213-894-2603 (fax)<br>kenneth.g.lau@usdoj.gov |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |