Joon M. Khang (CSBN 188722)
Judy L. Khang (CSBN 192454)
**KHANG & KHANG LLP**
4000 Barranca Parkway, Suite 250
Irvine, California 92604
Telephone: (949) 419-3834
Facsimile: (949) 385-5868
Email: joon@khanglaw.com

Attorneys for Samuel Michael Saber
Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case No.: 2:18-bk-16688-BB |
| SAMUEL MICHAEL SABER, | Chapter 11 |
| Debtor. | **DEBTOR'S SUR REPLY TO MOVANT'S REPLY TO OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362** |
| | Hearing: |
| | Date: April 30, 2019 |
| | Time: 10:00 am |
| | Ctrm: 1539 |
| | 255 E. Temple St. |
| | Los Angeles, CA 90012 |

1

Samuel Michael Saber, debtor and debtor in possession ("Debtor") herein submits this sur reply in response to Movant's reply to Debtor's Opposition to the Motion for Relief from the Automatic Stay (the "Motion") filed by movant Karen Dowdle ("Dowdle") based on the following:

There is obviously a clear and fundamental misunderstanding of the law pertaining to the automatic stay as it pertains to Dowdle. On the one hand, Dowdle admits to knowing that Debtor was in bankruptcy and that the chapter 11 bankruptcy case was open and pending at the time of trial on Dowdle's cross complaint. On the other hand, the blame for Dowdle's failure to seek relief from the automatic stay prior to proceeding on the cross complaint is blamed on Debtor and his state court counsel. The problem is that, under the law, whether Dowdle had knowledge of the pending bankruptcy case or not, the state court judgment obtained against Debtor on the cross complaint is void. *See*, Schwartz v. United States (In re Schwartz), 954 F.2d 569, 571-572 (9th Cir.1992). Seeking nunc pro tunc relief from the automatic stay to ratify the judgment is inappropriate and unwarranted as the relief could not and would not have been granted even if Dowdle had sought relief before proceeding with the state court cross complaint.

The automatic stay is designed to protect creditors from the "race of diligence," in which those who acted first would receive payment "in preference to and to the detriment of other creditors." H.R.Rep. No. 95-595, at 340 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6297. The automatic stay afforded to debtors under the bankruptcy laws is a basic protection and its scope is intended to be broad. In re Stinger, 847 F.2d 549, 551-552 (9th Cir. 1988). If Dowdle had filed for relief from the automatic stay prior to proceeding on her cross complaint that motion would have been denied. For if Dowdle could obtain relief from stay to proceed, what would prevent any other creditor from seeking the same relief and undermining the purpose and protection of the automatic stay.

A debtor in possession ("Debtor" – *see 11 U.S.C § 1101(1)*) in and chapter 11 bankruptcy has a fiduciary duty to creditors of the estate as a trustee for the estate. *See 11 U.S.C §§ 1106(a) and 704(a)*. As such the Debtor has a duty to "collect and reduce to money the property of the estate for which such trustee serves. . . ." *See 11 U.S.C §704(a)(1)*. In carrying out his fiduciary

duty, the Debtor had a duty to prosecute the Dowdle case, as plaintiff. However, this did not give Dowdle relief from the automatic stay to prosecute the cross complaint against Debtor. This is the fundamental misunderstanding of Dowdle and her attorneys.

Nothing in Dowdle's Motion or reply to Debtor's opposition to the Motion supports granting of the Motion. Based on the foregoing, this Motion for nunc pro tunc relief from the automatic stay should be denied, with prejudice and Debtor should be awarded attorneys fees incurred in defending against the cross complaint in the State Action and in opposing this Motion. This Court should also award punitive damages for Movant's willful violation of the automatic stay and continued refusal to take action to undo the violation and making matters even worse by filing this baseless Motion and reply to Debtor's opposition to the Motion. Debtor respectfully requests the above relief and any further relief as the Court deems just and proper.

DATED: April 26, 2019                    KHANG & KHANG LLP

By: _____
    Joon M. Khang

Attorneys for Samuel Michael Saber
Debtor and Debtor in Possession

3

| In re: | CHAPTER 11 |
|---|---|
| SAMUEL MICHAEL SABER | CASE NUMBER: 2:18-bk-16688-BB |
| Debtor(s). | |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
KHANG & KHANG LLP, 4000 Barranca Parkway, Suite 250, Irvine, CA 92604

A true and correct copy of the foregoing document described **DEBTOR'S SUR REPLY TO MOVANT'S REPLY TO OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 04/26/19 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **Dawn M Coulson**    dcoulson@eppscoulson.com, cmadero@eppscoulson.com
- **Theron S Covey**    tcovey@rasflaw.com, CAECF@tblaw.com
- **Allan Herzlich**    allan@herzlich-blum.com
- **Merdaud Jafarnia**    bknotice@mccarthyholthus.com, mjafarnia@ecf.inforuptcy.com
- **Joon M Khang**    joon@khanglaw.com
- **Ron Maroko**    ron.maroko@usdoj.gov
- **Randall P Mroczynski**    randym@cookseylaw.com
- **Peter D Gordon**  peter@lawnet1.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On  04/26/19  I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

By U.S. Mail to:

   Judge's copy to: Hon. Sheri Bluebond, 255 E. Temple St., Ste 1534, Los Angeles, CA 90012

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on __ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 04/26/19 | Joon M. Khang | /s/ Joon M. Khang |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                                            **F 9013-3.1**